MURIENTE, DEMANDANTE Y APELANTE, *v.* TERRASA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa sobre daños y perjuicios.

No. 1304.—Resuelto en julio 9, 1915.

FIANZA JUDICIAL—ASEGURAMIENTO DE SENTENCIA—FIANZA VOLUNTARIA O CONVENCIONAL.—Una fianza para asegurar la efectividad de una sentencia (Estatutos Revisados de Puerto Rico de 1902, pág. 180), es una fianza judicial (artículos 1755, 1756 y 1757 del Código Civil Revisado), de naturaleza distinta por su origen a la voluntaria o convencional.

ID.—EXCUSIÓN DE LOS BIENES DEL DEUDOR PRINCIPAL—FIADORES SOLIDARIOS.—En las fianzas judiciales, de acuerdo con el precepto expreso de la ley, el fiador no puede pedir la excusión de los bienes del deudor principal, circunstancia que en realidad le coloca en la condición de un fiador obligado solidariamente con el deudor.

ID.—FIANZA PARA ASEGURAR LA EFECTIVIDAD DE SENTENCIA—OBLIGACIÓN SOLIDARIA—ACCIÓN.—En la fianza que se presta para obtener el aseguramiento de la sentencia que pueda dictarse en un determinado pleito, los fiadores se obligan solidariamente con el deudor, y siendo esto así, la acción puede dirigirse contra el deudor y los fiadores simultáneamente o contra cualquiera de ellos. Véase *Lowande v. Otero y Compañía et al.,* 14 D. P. R., 571, y los artículos 1111 y 1723 del Código Civil Revisado.

DAÑOS Y PERJUICIOS—PÉRDIDAS SUFRIDAS—GANANCIAS DEJADAS DE OBTENER—
   GANANCIAS OBTENIDAS ANTERIORMENTE.—Conforme al artículo 1073 del Có-
   digo Civil, la indemnización de daños y perjuicios comprende no sólo el
   valor de la pérdida que haya sufrido, sino también el de la ganancia que
   haya dejado de obtener el acreedor; pudiendo tomarse como base para
   calcular la ganancia dejada de obtener, la obtenida anteriormente en un
   período de tiempo igual, bajo idénticas circunstancias.
APELACIONES CONTRA SENTENCIAS DE LAS CORTES MUNICIPALES—JUICIO DE NOVO.—
   En las apelaciones contra sentencias dictadas por las cortes municipales
   para ante las cortes de distrito, el juicio se celebra *de novo*, no debiendo
   en tal virtud revocarse, confirmarse o modificarse la sentencia apelada, sino
   dictarse una nueva, basada en las alegaciones hechas y en las pruebas prac-
   ticadas en la corte de apelación.
ID.—FIADORES SOLIDARIOS—JUICIO DE NOVO—NOTIFICACIÓN DE APELACIÓN—SEN-
   TENCIA.—En este caso la demanda se interpuso en una corte municipal con-
   tra dos fiadores solidarios y fué declarada, en parte, con lugar. Uno sólo de
   los fiadores apeló para ante la corte de distrito. Celebrado el juicio *de novo*
   con la sola intervención del acreedor y del fiador apelante, fué resuelto en
   contra del acreedor. Este apeló para ante el Supremo y notificó su escrito
   sólo al fiador que intervino en la corte de distrito. *Se resolvió:* que tal pro-
   cedimiento implica que el acreedor aceptó entenderse únicamente con el
   fiador solidario y apeló a la corte de distrito y que, en tal virtud, la sen-
   tencia que pronuncie esta corte, en lugar de la que debió haber pronunciado
   la corte de distrito, debe dictarse solamente en contra del fiador que apeló
   a la dicha corte, pudiendo el fiador establecer contra sus codeudores las recla-
   maciones que procedan de acuerdo con la ley.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. Agrait Aldea* y *José Mar-
tínez Dávila.*

Abogado del apelado: *Sr. Simón Largé.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

El presente es un recurso de apelación interpuesto con-
tra sentencia de la Corte de Distrito de Arecibo por virtud
de la cual se declaró sin lugar cierta demanda sobre daños
y perjuicios.

En la demanda se alegó, en resumen, que el 11 de marzo
de 1914 Doña Santos Gil reclamó judicialmente al demandante
$410 y, para asegurar la efectividad de la sentencia que pu-
diera dictarse, solicitó y obtuvo, previa fianza que prestaron
los demandados, el embargo de cuatro mulas de la propiedad
del demandante. El embargo se practicó el 25 de marzo de

1914 y el pleito se resolvió por sentencia de 25 de abril de 1914 en contra de Doña Santos Gil. Esta apeló y desistió luego del, recurso, quedando firme la sentencia y devolviéndose los mulos embargados a su dueño, el demandante, el 13 de julio de 1914. Por virtud del embargo, el demandante alega que sufrió los siguientes perjuicios: $350 como ganancias líquidas que hubiera obtenido por el uso y trabajo de las mulas embargadas desde el 25 de marzo al 13 de julio de 1914; $37.20 que el demandante tuvo que satisfacer al márshal de la corte municipal para el depósito de las mulas durante el tiempo indicado, y $60 que el demandante satisfizo al abogado que lo representó en el pleito y embargo de referencia.

Los demandados excepcionaron la demanda por haberse acumulado en ella indebidamente varias acciones y por no aducir hechos bastantes para determinar una causa de acción. Luego contestaron negando en general todos los hechos de la demanda y alegando que, en todo caso, el aseguramiento de la sentencia solicitado por la señora Gil no había causado al demandante perjuicio alguno.

El pleito se tramitó primero en la Corte Municipal de Arecibo y fué resuelto por sentencia de 14 de octubre de 1914, por virtud de la cual se declaró con lugar la demanda, condenándose a los demandados a pagar al demandante solamente la suma de $97.20, o sea, en junto, las cantidades que el demandante alegó que había satisfecho al márshal y a su abogado. La corte municipal entendió que no se habían probado los daños y perjuicios alegados por la ganancia dejada de obtener.

De la sentencia de la corte municipal apeló el demandado Gabriel Terrasa, para ante la corte de distrito, y celebrado de nuevo el juicio ante la corte de distrito con la comparecencia del demandante y del dicho demandado Terrasa, fué resuelto por sentencia de 11 de enero de 1915 por virtud de la cual se desestimó totalmente la demanda.

Contra esa sentencia interpuso el demandante el presente recurso de apelación, notificando su escrito al demandado Terrasa y no al otro demandado Correa.

La prueba del demandante practicada en la corte de distrito consistió:

1. En la declaración de Gumersindo Román, Secretario de la Corte Municipal de Arecibo, quien depuso sobre la certeza del embargo y reconoció los autos en los cuales fué decretado. Dichos autos se introdujeron entonces como prueba;

2. En la declaración del demandante que dijo que le habían embargado cuatro mulas que dedicaba a la conducción de provisiones entre Aguadilla y Lares, haciendo tres viajes semanales y obteniendo un beneficio líquido de $25 por semana, y que pagó al márshal y al abogado las cantidades que se especifican en la demanda;

3. En la declaración de Juan Ramón Lorenzo quien dijo que conoce al demandante, trabajador de toda la vida con carros de mulas; que así lo conoció en marzo de 1914 trabajando con un carro y dos parejas de mulas en la conducción de provisiones. El testigo explica amplia y detalladamente el negocio de carros y concluye así: "a un individuo como el señor éste (el demandante), que es herrador y mantiene mulas y las cuida, lo menos que deja son, veinte o veinte y cinco pesos semanales limpios, cada carro, de ganancias líquidas." También dijo el testigo que vió sin ocupación al demandante cuando las mulas fueron embargadas.

4. En la declaración del testigo Bernardo González quien dijo que la ocupación conocida del demandante es trabajar con un carro de mulas, y que en marzo de 1914 se ocupaba en ese negocio. Dijo además que la ganancia bruta que puede obtenerse con un carro de mulas empleado constantemente en la conducción de carga es de 125 a 150 pesos mensuales, pudiendo quedar reducido el beneficio líquido a 75 pesos mensuales.

5. Y en la fianza que formaba parte de los autos introducida como prueba al declarar el testigo Román.    Dicha fianza, en lo pertinente, es como sigue:

"Por cuanto, el demandante Santos Gil de Lamadrid, ha establecido ante esta corte una demanda en cobro de dinero, por la suma de cuatrocientos diez dólares, contra el demandado Pedro J. Muriente, y además, ha solicitado del Hon. Juez el aseguramiento de efectividad de sentencia que ha de dictarse en la misma;

"Por cuanto, el Hon. Juez ha exigido para decretar el embargo, la prestación de fianza por la suma de quinientos dollars para responder de daños y perjuicios que puedan irrogarse con dicho aseguramiento.

"Por tanto, nosotros, Miguel A. Correa y Gabriel Terrasa, residentes en el Distrito Judicial de Arecibo, P. R., libre y espontáneamente garantizamos mancomunada y solidariamente la obligación que por la presente fianza ha contraído el demandante en dicho pleito, respondiendo de la suma de quinientos dollars, para atender a los daños y perjuicios que puedan irrogarse al demandado Pedro J. Muriente en el caso de resolverse en definitiva no haber lugar a fallar en dicho pleito en contra del demandado.  (Fdos.) Miguel Correa. Fiador.  Gabriel Terrasa.  Fiador."

La prueba del demandado consistió únicamente en la declaración del testigo Juan Martín Lagarreta que explicó el negocio de carros de carga tirados por mulas en la carretera de Aguadilla a Lares.  Dijo que cada viaje proporcionaba una ganancia bruta de seis pesos, pudiendo calcularse los gastos en $6.75 semanales, suponiendo además el servicio un desgaste semanal de doce reales.

La sentencia apelada se basa en dos fundamentos distintos.  Es el primero, que el demandante debió haber dirigido su acción contra la persona que solicitó el embargo y no contra los demandados que fueron simplemente sus fiadores, y es el segundo, que aun cuando el demandante tuviera causa de acción contra los demandados por virtud de la fianza, la prueba no demuestra que sufriera perjuicio a consecuencia del embargo y, por tanto, no tiene derecho a reclamar cantidad alguna a los demandados.

Examinemos el primer fundamento. Exponiéndolo, la corte sentenciadora se expresa así:

"La demanda en este caso va dirigida únicamente contra los fiadores Miguel Correa y Gabriel Terrasa que lo fueron de Santos Gil de Lamadrid, para obtener el aseguramiento de la sentencia que pudiera recaer en el pleito seguido por aquélla contra el demandante. En la demanda no se transcribe la fianza íntegramente, y se alega que los demandados en el caso actual, suscribieron una fianza por la cual se obligaron, *mancomunada y solidariamente,* por la suma de $500, a responder de los daños y perjuicios que pudieran irrogarse al entonces demandado y actual demandante, en el caso de resolverse en definitiva, no haber lugar a fallar en dicho pleito en contra del demandado.

"Con arreglo a los preceptos combinados de los artículos 1104 y 1723 del Código Civil revisado, idénticos a los artículos 1137 y 1822 del antiguo, la responsabilidad de los fiadores es subsidiaria, o sólo para el caso de que el principal obligado resulte insolvente después de hecha excusión en sus bienes, a no ser que se hubiesen obligado solidariamente con el deudor principal, en cuyo caso pueden ser demandados en unión de éste." Caso de *El Pueblo* v. *Esteves,* 12 D. P. R., 47.

"En el caso que nos ocupa, los fiadores no se obligaron solidariamente con el deudor principal, que lo es la demandante en aquel pleito, puesto que ésta no suscribió ni intervino en la fianza y claramente resulta de la alegación transcrita de la demanda, que la mancomunidad y solidaridad en el pago se establece en la fianza entre los fiadores que son los que suscriben la obligación y por consiguiente, es claro que la demanda es defectuosa y no expresa causa suficiente de acción contra los fiadores demandados, pues que en la misma no se expresa, que la deudora principal resulte insolvente, y tampoco se la demanda en unión de los fiadores.

"En demostración de esta deficiencia en la demanda, vamos a transcribir las siguientes palabras de la sentencia de nuestra Corte Suprema, en el caso de *Lowande* v. *Otero & Co. et al.,* en el cual se ejercitaba igual acción que la presente, y se estableció la demanda contra la Sociedad Otero y Cía. como deudores principales, y los fiadores en cobro de la fianza por perjuicios que se alegaban haberle causado Otero y Cía. con el embargo. Dice el Tribunal Supremo: 'que los daños y perjuicios que a consecuencia del embargo se causaren al demandado (demandante en el caso posterior), serán de la

responsabilidad de los fiadores, y por consiguiente, *de los deudores principales también, pues que la responsabilidad de los unos y los otros es mancomunada y solidaria.'* "

A nuestro juicio, el criterio sustentado por el juez sentenciador, es erróneo. La ley aplicable a este caso está contenida especialmente en el estatuto que regula el aseguramiento de las sentencias que puedan dictarse en los pleitos que se entablan en las cortes de Puerto Rico, (Estatutos revisados de Puerto Rico de 1902, p. 180), y en los preceptos del Código Civil revisado sobre la fianza legal y judicial. (Artículos 1755, 1756 y 1757.)

La sección 4 de la ley sobre aseguramiento de sentencias, dice así:

"Si consta claramente en documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza. En cualquier otro caso, exigirá fianza para decretarlo. La fianza que al efecto se prestare, responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento."

Y la cláusula pertinente de la fianza prestada, expresa:

"Por tanto, nosotros, * * * libre y espontáneamente garantizamos mancomunada y solidariamente la obligación que por la presente fianza ha contraído el demandante en dicho pleito, respondiendo de la suma de quinientos dollars, para atender a los daños y perjuicios que puedan irrogarse al demandado Pedro J. Muriente, en el caso de resolverse en definitiva no haber lugar a fallar en dicho pleito en contra del demandado."

Se trata, pues, de una fianza judicial, de naturaleza distinta, por su origen, a la voluntaria o convencional que tuvo sin duda en mente la corte de distrito al pronunciar su sentencia. Véase Manresa, Código Civil, vol. 12, p. 368.

Y en las fianzas judiciales, de acuerdo con el precepto expreso de la ley, el fiador no puede pedir la excusión de los bienes del deudor principal, circunstancia que en realidad le coloca en la condición de un fiador obligado solidariamente con el deudor. Véanse el artículo 1157 del Código Civil

revisado y los Comentarios de Falcón sobre el Código Civil, vol. 4, p. 405.

Comentando Manresa el artículo 1856 del Código Civil antiguo, igual en un todo al 1757 del revisado, se expresa como sigue:

"El precepto consignado en este artículo ha sido objeto de larga controversia entre los tratadistas, y aun sigue dando lugar a encontradas opiniones en cuanto a su fundamento y a su justificación.

"Refiriéndose al artículo 1923 del Código de Italia, idéntico en un todo al que examinamos, dice Ricci que en el derecho, y aun en la equidad, se buscará en vano una razón suficiente a justificar la diversidad de *tratamiento* que se observa en dicho artículo, añadiendo que en él no hizo otra cosa el legislador que mantener un uso introducido ya en la práctica sin detenerse a investigar si dicho uso se presentaba o nó bien justificado.

"Otros autores censuran también esta disposición, fundándose para ello en que la fianza es siempre una obligación accesoria, dependiente de una obligación principal a cargo de una tercera persona, que es la que está sujeta en primer término a su cumplimiento, y que así como el fiador dado por precepto de la ley o por decreto del juez tiene las mismas responsabilidades que el dado en fuerza de la convención, debiera tener los mismos derechos y los mismos recursos que éste, por cuyo motivo dicen *no se concibe por qué razón pueda invocar uno el beneficio de excusión y el otro no.*

"Pero los que tal opinión sustentan olvidan, sin duda, la notoria diferencia que existe en cuanto al origen de una y otra de dichas clases de fianza; diferencia que por sí sola basta para hacer imposible el ejercicio o la utilización del beneficio indicado, aun sin necesidad de apelar a la razón que dan los partidarios de la limitación impuesta por nuestro Código de que deben ser más fuertes los vínculos y mayores las seguridades en las obligaciones que se contraen en el caso de la fianza judicial que en las otras clases, en consideración a la índole especial de las obligaciones aseguradas con ella.

"Esa especialidad de los intereses y derechos que los tribunales están en el deber de garantir, aconseja, en efecto, asegurar por todos los medios que no se demore ni dificulte el cumplimiento de la obligación de fianza, a fin de que, desde luego, la haga efectiva el fiador sin esperarse a depurar si el principal obligado tiene o nó bienes con que responder en primer término, ni a dirigir el procedimiento contra ellos, por la razón ya indicada en otra ocasión, de que muchas más

garantías y mayor seguridad ha de ofrecer el fiador que el fiado cuando no basta la solvabilidad de éste, según lo demuestra la necesidad impuesta por la ley o por los tribunales para el aseguramiento de dichos intereses y derechos.'' Manresa, Cód. Civil, vol. 12, pág. 369.

Si se examina cuidadosamente el caso de *Lowande* v. *Otero & Cía. et al.,* 14 D. P. R., 571, citado por el juez sentenciador, se verá que es contrario a la teoría sustentada por dicho juez y está en un todo conforme con la regla de que los fiadores se obligan solidariamente con el deudor en la fianza que se presta para obtener el aseguramiento de la sentencia que pueda dictarse en un determinado pleito.

Siendo esto así, debiendo partirse de la base de que los fiadores Correa y Terrasa se obligaron solidariamente con el deudor Santos Gil de Lamadrid a pagar al demandante los perjuicios que pudiera ocasionarle el embargo de sus bienes decretado para asegurar la afectividad de la sentencia que pudiera dictarse en el pleito seguido por Santos Gil de Lamadrid contra el aquí demandante, pudo éste dirigir su acción contra el deudor y los fiadores simultáneamente o contra cualquiera de ellos. Véanse los artículos 1111 y 1723 del Código Civil revisado.

Examinemos el segundo fundamento. Hemos estudiado cuidadosamente la prueba y no comprendemos en verdad cómo pudo concluir la corte sentenciadora que no se ocasionaron perjuicios a consecuencia del embargo.

El demandante era dueño de un carro con cuatro mulas. No sólo era dueño sino que lo explotaba personalmente en la conducción de provisiones, obteniendo un beneficio líquido de setenticinco pesos mensuales, tomando como base la declaración menos favorable a los intereses del demandante. Si por virtud del embargo se sacaron del poder del demandante su carro y sus mulas y se le obligó a suspender la explotación de su negocio ¿cómo es posible suponer siquiera que no se le ocasionaron perjuicios?

El artículo 1073 del Código Civil prescribe que la indemnización de daños y perjuicios comprende no sólo el valor

de la pérdida que haya sufrido, *sino también el de la ganancia que haya dejado de obtener el acreedor.*

¿No es lógico concluir que si no hubiera sido por el embargo, el demandante hubiera continuado explotando su negocio y ganando lo mismo que ganaba? A nuestro juicio lo es, y, por tanto, estimamos que puede y debe tomarse como base para calcular la ganancia dejada de obtener por el demandante, la obtenida anteriormente en un período de tiempo igual, bajo idénticas circunstancias. . Desde el 25 de marzo en que se practicó el embargo hasta el 13 de julio en que se devolvieron el carro y las mulas al demandante, transcurrieron tres meses y veinte días. Calculadas las ganancias a razón de 75 pesos mensuales, una mera operación aritmética permite concluir que el demandante dejó de ganar 275 pesos, que tiene derecho a reclamar como la justa indemnización de los daños y perjuicios sufridos a consecuencia del embargo. También opinamos que tiene derecho a percibir el demandante la suma de 37 pesos veinte centavos que se vió obligado a satisfacer al márshal de la corte municipal por el depósito de las mulas durante el tiempo que duró el embargo. En cuanto a los honorarios de abogado, como no se expresa con toda claridad los que se pagaron por virtud del embargo únicamente, no puede ordenarse su reintegro.

Habiendo llegado a las anteriores conclusiones, procede, como es natural, la revocación de la sentencia. Ahora bien ¿a quién debemos condenar directamente al pago de las sumas indicadas?

Como hemos visto, este pleito se tramitó primero en una corte municipal y ésta condenó a los demandados a pagar al demandante solamente la suma de $97.26 y no la de $547.20 reclamada en la demanda. Uno de los demandados no apeló. Tampoco apeló el demandante. Se limitó a hacerlo el demandado Terrasa. Sometido el caso a la corte de distrito, sólo intervinieron en el nuevo juicio el demandante y el demandado Terrasà. .La corte desestimó totalmente la demanda. Y apeló entonces el demandante para ante esta Corte Su-

prema, notificando su escrito únicamente al demandado Terrasa.

¿Podía dictarse en la corte de distrito una sentencia que empeorara la situación del demandado apelante? A nuestro juicio podía, porque por virtud de las apelaciones de las sentencias dictadas por las cortes municipales para ante las de distrito, el juicio se celebra *de novo,* no debiendo, en tal virtud, revocarse, confirmarse o modificarse la sentencia apelada, sino dictarse otra nueva basada en las alegaciones y las pruebas hechas y practicadas en la corte de apelación.

¿Era necesario notificar el escrito de apelación para ante esta Corte Suprema, al otro demandado? A nuestro juicio lo hubiera sido y el dejarlo de hacer hubiera servido de base para desestimar el recurso, a no tratarse como se trata en este caso, de deudores solidarios. La actitud del demandante al aceptar el nuevo juicio en la corte de distrito contendiendo solamente con uno de los deudores solidarios y al notificar a ese solo fiador su apelación, implica que escogió entenderse con él únicamente. En su consecuencia al dictar esta Corte Suprema la sentencia que debió haber pronunciado la corte de distrito, debe limitarse a condenar al demandado Terrasa. Este podrá establecer contra sus codeudores las reclamaciones que procedan de acuerdo con la ley.

Debe revocarse la sentencia apelada y condenarse al demandado Terrasa a pagar al demandante la suma de trescientos doce pesos, veinte centavos, e intereses contados a partir de la fecha de la interposición de la demanda, sin especial condenación de costas.

> *Revocada la sentencia apelada y pronunciada otra condenando al demandado Gabriel Terrasa, sin costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.