SANTIAGO, DEMANDANTE APELADO-APELANTE, *v.* ARES, DEMANDADO APELANTE-APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cobro de dinero e incumplimiento de contrato.

No. 1644.—Resuelto en junio 29, 1917.

ARRENDAMIENTO—COBRO DE PESOS—INTERPRETACIÓN DE CONTRATOS—FIADORES SOLIDARIOS.—En este caso fué celebrado un contrato de arrendamiento de finca urbana, con fianza solidaria, por término de dos años y determinado canon mensual. En la cláusula 3ª. del contrato se estipuló que vencidas y no satisfechas dos mensualidades de arrendamiento se entendería por ese sólo hecho rescindido el contrato, con acción el arrendador para solicitar el desahucio del arrendatario; y en la cláusula 11ª. se estableció que el fiador solidario, como tal, se obligaba a responder de todas y cada una de las obligaciones contraídas por el arrendatario. *Se resolvió:* que la estipulación consignada en la cláusula 3ª. no implica que la fianza solidaria debía limitarse a la falta de pago de dos mensualidades, pues la rescisión del contrato por falta de pago de dos mensualidades vencidas entraña únicamente el reconocimiento expreso del derecho que el artículo 1459 del Código Civil otorga al arrendador y al arrendatario; que la acción rescisoria del contrato es un beneficio que arrendador y arrendatario pueden aprovechar si les place, quedando a su libre voluntad el derecho de reclamar únicamente indemnización de daños y perjuicios dejando el contrato subsistente; y que la cláusula 11ª. está concebida en términos generales y no cabe limitar sus efectos por el contenido de la cláusula 3ª. que sólo se refiere al arrendador y al arrendatario.

DEUDA—FIADORES SOLIDARIOS—EXTINCIÓN DE LA DEUDA—QUIEBRAS.—Cuando no resulta cobrada por el acreedor ni total ni parcialmente, la deuda cuyo pago reclama de un fiador solidario, la reclamación que aquél haya podido hacer ante la Corte de Distrito de los Estados Unidos para Puerto Rico en un procedimiento de quiebra contra el principal deudor, no le impide ejercitar la acción de cobro contra el fiador solidario, incumbiendo a éste en su caso probar la extinción total o parcial de la deuda.

COSTAS Y GASTOS—HONORARIOS DE .ABOGADO—APRECIACIÓN DEL JUEZ—ABUSO DE
DISCRECIÓN.—Establecida apelación contra la sentencia en cuanto no condena
al demandado al pago de desembolsos y honorarios de abogado, *se resolvió:*
que, apreciando todas las circunstancias del caso, la corte no abusó de la
discreción que le reconoce el artículo 327 del Código de Enjuiciamiento Civil,
tal como quedó enmendado por la ley de 12 de marzo de 1908, y por tanto
que no se iría contra su apreciación.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Carmelo Honoré.*

Abogado del demandado: *Sr. Rafael Martínez Alvarez.*'

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

El 18 de noviembre de 1914 José Pilar Santiago pre-
sentó demanda ante la Corte de Distrito de San Juan, Sec-
ción Segunda, contra Joaquín Rodríguez Ema y Francisco
Arés Fernández en reclamación de la suma de $510 que aquél
había dejado de percibir por alquileres de una casa dada en
arrendamiento al primero de los demandados con fianza so-
lidaria del segundo. También se solicita en la demanda el
pago de los intereses al tipo legal hasta la fecha del pago, con
costas, gastos y honorarios de abogado.

Después de contestada la anterior demanda por ambos de-
mandados fué presentada otra complementaria en 3 de marzo
de 1915 con súplica de que la cantidad reclamada fuera adi-
cionada con la de $520 más por nuevos cánones vencidos y no
satisfechos.

Esa demanda complementaria fué contestada en .16 de
marzo citado por. el demandado Arés, el cual posteriormente
o sea en 7 de enero de 1916 en contestación complementaria
pidió a la corte fuera desestimada la demanda por el funda-
mento de que el demandante había radicado en la Corte de
Distrito de los Estados Unidos para Puerto Rico idéntica re-
clamación en los procedimientos de quiebra de Joaquín Ro-
dríguez Ema. Entonces el demandante enmendó su demanda
en el sentido de que se entendiera dirigida la acción única-
mente contra Francisco Arés Fernández por haber sido de-
clarado en quiebra y hallarse insolvente el otro deudor Joa-

quín Rodríguez Ema, limitándose a aquél la sentencia conde-
natoria que se pronunciara.

Celebrado el juicio la Corte de Distrito de San Juan, Sec-
ción Segunda, dictó sentencia en 26 de julio de 1916, decla-
rando con lugar la demanda y condenando al demandado Fran-
cisco Arés Fernández a pagar al demandante la de $900, in-
tereses ascendentes a $91.95, y las costas del litigio.

Ambas partes demandante y demandada interpusieron re-
curso de apelación para ante esta Corte Suprema, la segunda
contra la sentencia en su totalidad y la primera solamente en
cuanto no condena al demandado al pago de los gastos y hono-
rarios de abogado según fué solicitado en la demanda.

La parte demandada apelante funda su recurso en que sólo
está obligada a pagar al demandante dos mensualidades del
contrato de arrendamiento de que se trata, o sea $260.

Dicho contrato fué celebrado por escritura pública otor-
gada en 9 de diciembre de 1913 y se refiere a una finca urbana
que José Pilar Santiago daba en arrendamiento a Joaquín
Rodríguez Ema por término de dos años prorrogables y canon
mensual de $130 pagaderos dentro de los ocho primeros días
siguientes al vencimiento de cada mensualidad. En la cláu-
sula 3ª. del contrato se estipuló expresamente ''que vencidas
y no satisfechas dos mensualidades de arrendamiento se en-
tenderá por ese sólo hecho rescindido el presente contrato, con
acción el arrendador para solicitar el desahucio del arrenda-
tario.'' Y la cláusula 11ª. dice así: ''Don Francisco Arés por
la presente se constituye solidariamente en fiador de Don
Joaquín Rodríguez y como tal se obliga a responder de todas
y cada una de las obligaciones por este último contraídas.''

El texto de las cláusulas 3ª. y 11ª. que dejamos transcritas
revela sin gran esfuerzo mental que el demandado Francisco
Arés se constituyó fiador solidario de los cánones que dejara
de pagar el arrendatario. La estipulación consignada en la
cláusula 3ª. no implica que la fianza solidaria debía limitarse
a la falta de pago de dos mensualidades pues la rescisión del

contrato por el sólo hecho de la falta de pago de dos mensualidades vencidas entraña únicamente el reconocimiento expreso del derecho que el artículo 1459 otorga al arrendador y al arrendatario, consistente en que si dejaren de cumplir las obligaciones que les incumben podrán pedir la rescisión del contrato y la indemnización de daños y perjuicios, o sólo esto último dejando el contrato subsistente.

La acción rescisoria del contrato es un beneficio que arrendador y arrendatario pueden aprovechar si les place, quedando a su libre voluntad el derecho de reclamar únicamente indemnización de daños y perjuicios dejando el contrato subsistente.   La cláusula 11ª. está concebida en términos generales y no cabe limitar sus efectos por el contenido de la cláusula 3ª. que sólo se refiere al arrendador y al arrendatario.

También alega la parte demandada apelante para sostener el recurso que habiendo una causa pendiente por la misma reclamación ante la Corte de Distrito de los Estados Unidos para Puerto Rico en el procedimiento de quiebra de Joaquín Rodríguez Ema y no estando liquidada la deuda, el demandante no puede cobrar dos veces por el mismo concepto ni más de lo que se le debe.

Aparece del récord que en el procedimiento de quiebra de Joaquín Rodríguez Ema ante la Corte de Distrito de los Estados Unidos para Puerto Rico archivó José Pilar Santiago una reclamación por la suma de $563.33, en 19 de abril de 1915, cuya cantidad le debía el quebrado por alquiler de una casa desde noviembre 1, 1914, a marzo 10, 1915, a razón de $130 y que el 11 de abril de 1916 fué declarada por el *referee* una relación de deudas del Rodríguez Ema entre ellas la de José Pilar Santiago, por la suma ya expresada, con dividendo del 9 por ciento.   No aparece que tal dividendo haya sido satisfecho al demandante.

Declara José Pilar Santiago que desistió de su reclamación ante la Corte de Distrito de los Estados Unidos para Puerto Rico por no habérsele reconocido preferencia a su cré-

dito y su abogado ante la mencionada corte ha declarado también en el mismo sentido, aunque con excepción opuesta por el demandado basada en que la única prueba buena de dicho desistimiento sería la certificación del *referee*.   A los efectos del presente juicio no tienen importancia alguna ni la alegación de haber reclamado José Pilar Santiago ante la Corte de Distrito de los Estados Unidos para Puerto Rico el cobro de su crédito en el procedimiento de quiebra de Joaquín Rodríguez Ema ni la excepción opuesta a la declaración prestada por el abogado de José Pilar Santiago, pues el artículo 1111 del Código Civil, aplicable a los fiadores solidarios según el artículo 1723 del mismo código, contiene el siguiente precepto:

"Artículo 1111.—El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente.   Las reclamaciones entabladas contra uno no serán obstáculo para las que posteriormente se dirijan contra los demás mientras no resulte cobrada la deuda por completo."

No resulta cobrada por José Pilar Santiago la deuda cuyo pago hoy reclama al fiador solidario Francisco Arés Fernández ni total ni parcialmente, y por tanto la reclamación hecha ante la Corte de Distrito de los Estados Unidos para Puerto Rico no le impide ejercitar la acción de cobro contra el fiador solidario.   A éste incumbe probar la extinción de la deuda en todo o en parte y no ha suministrado prueba alguna sobre el particular.   La única cosa que pudiera hacer ineficaz la obligación es el pago y éste no se ha verificado en el presente caso.   *Quiñones* v. *Vivoni*, 20 D. P. R. 490, y *Cintrón & Aboy* v. *Solá*, 22 D. P. R. 262.

Por lo que toca al recurso de apelación interpuesto por el demandante contra la sentencia de la Corte de Distrito de San Juan en cuanto no condena al demandado al pago de desembolsos y honorarios de abogado, no encontramos, apreciando todas las circunstancias del caso, que dicha corte abusara de la discreción que le reconoce el artículo 327 del Código de Enjuiciamiento Civil tal como ha quedado enmendado por la

Ley de 12 de marzo de 1908, y por tanto no nos sentimos inclinados a ir contra su apreciación.

Por las razones .expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.