RAMÓN G. GOICO, demandante y apelado, v. EDUARDO FLORES COLÓN, demandado, FRANCISCO R. ARÉVALO Y JOSÉ TORO RODRÍGUEZ, fiadores y apelantes.

No. 3631.—*Visto:* Enero 15, 1926. *Resuelto:* Marzo 4, 1926.

1. EMBARGOS—ACCIONES SOBRE FIANZAS — FIANZAS PARA EXIMIR DEL EMBARGO BIENES DEL DEUDOR—QUIEBRA DEL DEUDOR PRINCIPAL DESPUÉS DE SENTENCIA —DERECHO DEL ACREEDOR CONTRA LOS FIADORES.—Cuando ciertos fiadores intervienen para eximir de un embargo bienes de un demandado, y después de dictada sentencia contra éste se declara en quiebra, el demandante tiene derecho a proceder a obtener sentencia contra los fiadores y a ejecutarla contra propiedad de ellos aún estando pendientes los procedimientos de quiebra.

2. QUIEBRA—DERECHOS, REMEDIO Y EXONERACIÓN (*Discharge*) DEL QUEBRADO— ACCIONES CONTRA EL QUEBRADO EN LAS CORTES INSULARES—SUSPENSIÓN DE LAS MISMAS—SOLICITUD.—Existiendo pleitos pendientes contra un quebrado en las cortes locales, una orden general como indicación al juez de distrito local de la pendencia de los procedimientos de quiebra es insuficiente, pues la misma debe contener una referencia a cualquier caso pendiente cuya suspensión se desee y debe estar propiamente dirigida.

3. EMBARGO—ACCIONES SOBRE FIANZAS—DAÑOS Y PERJUICIOS OCASIONADOS POR EMBARGO — EXCUSIÓN DE BIENES DEL DEUDOR PRINCIPAL. — En las fianzas judiciales, el fiador no puede pedir la excusión de los bienes del deudor principal (*Muriente* v. *Terrasa*, 22: 744, confirmado).

RESOLUCIÓN de *Rafael Díaz Cintrón,* J. (Ponce), ordenando se libre mandamiento de ejecución contra los fiadores en pleito sobre cobro de dinero. *Confirmada.*

*Tomás Castillo,* abogado de los apelantes; *R. Arjona Siaca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Habiéndose presentado una petición de quiebra en la Corte Federal, esta acción envuelve el derecho del demandante y apelado a proceder no contra el alegado quebrado, sino contra ciertos fiadores que intervinieron para eximir del embargo los bienes del demandado que fueron embargados al comienzo de la acción establecida contra él.

La sentencia fué dictada contra el demandado en 30 de enero de 1924. Antes de ser firme la sentencia dictada contra dicho demandado, como alegaron los apelantes, dicho demandado en 27 de febrero de 1924, presentó una petición de quiebra. Cierta especie de notificación de la petición de

quiebra fué radicada en la Corte de Distrito. de Ponce. Después de varios procedimientos iniciales la Corte de Distrito de Ponce dictó sentencia contra los referidos fiadores, que han apelado.

Los señalamientos de error primero y segundo envuelven el derecho que tiene el demandante y apelado a proceder a obtener sentencia contra los fiadores y a ejecutar dicha sentencia contra su propiedad estando pendientes los procedimientos de quiebra en la Corte de Distrito de los Estados Unidos.

[1] Desde el caso de *Muriente* v. *Terrasa,* 22 D.P.R. 738, ha sido claro que los fiadores judiciales, como eran los apelantes en este caso, son responsables solidaria y mancomunadamente con el deudor. Su responsabilidad quedó establecida al dictarse la sentencia en este caso. La continuación del pleito contra ellos no era, por tanto, en ningún sentido un procedimiento contra el quebrado. *In re Mercedes Import Co.,* 166 Fed. Rep. 427, *Santiago* v. *Arés,* 25 D.P.R. 481. Cuando un acreedor tiene una reclamación solidaria y mancomunada contra tres personas diferentes, no hay razón alguna por la cual la quiebra de una de ellas deba impedirle poder proceder contra las otras.

Se nos ocurren cuestiones incidentales que no han sido sugeridas por el apelado. El árbitro de la quiebra (*referee*) radicó la siguiente notificación en la Corte de Distrito de Ponce:

"En la Corte de Distrito de Ponce, Puerto Rico.—En el asunto de Eduardo Flores, quebrado.—En quiebra.—No.    —Hon. Rafael Díaz Cintrón, Juez de esta corte: Comparece ahora Allah Torres, árbitro de la quiebra (*referee*) para la División de Ponce, y alega lo siguiente: Que existen varias acciones en esta Corte de Distrito contra Eduardo Flores Colón, que ha sido declarado en quiebra el día 27 de febrero, 1924: Que según la Constitución y las leyes de conformidad con ella, y especialmente la Ley de Quiebras de 1898, como quedó enmendada, la Corte Federal tiene jurisdicción exclusiva sobre cuestiones de quiebra: Que la continuación de cualquier acción en la Corte de Distrito de Ponce impide e invade la jurisdicción

de la Corte Federal.    Por tanto, sugiero que se dicte inmediatamente una orden terminando todas y cada una de las acciones del quebrado o contra él establecidas, dejando a la disposición de esta corte todos sus bienes o cualquier propiedad embargada.    Fechado en Ponce, hoy día 3 de marzo de 1924.    Allah Torres, árbitro de la quiebra (*referee*)."

Sin detenernos a emplear tiempo alguno sobre si el árbitro de la quiebra (*referee*), a diferencia del quebrado, depositario o acreedores, tiene alguna razón para hacer la sugestión en las cortes locales, dudamos de la suficiencia de la notificación hecha en este caso.    El precepto de la Ley de Quiebras en cuestión prescribe lo siguiente:

"Pleitos establecidos por quebrados y contra quebrados.—Se suspenderá todo pleito fundado en una reclamación (*claim*) de la cual quedaría exento el quebrado por consecuencia· de una orden de liberación, que se encuentre pendiente al tiempo en que se presentare una petición de quiebra contra él, hasta después que recaiga la declaración de quiebra o de la desestimación de la petición de la misma.    Si la persona demandada es declarada quebrada, la acción se suspenderá por doce meses más, ,a contar desde la fecha de tal resolución, o si dentro de dicho tiempo el quebrado solicita su liberación, entonces la suspensión durará hasta que la cuestión relativa a dicha liberación quede resuelta."    Ley de julio 1º, 1898, 30 Stat. 549.

Esta disposición legal no actúa por sí misma sino que en cada caso alguna notificación debe dirigirse a las partes que están celebrando un caso en la corte local.    Una orden general dictada como indicación al juez de distrito local es insuficiente.    El juez no está obligado a prestar ninguna atención a tal notificación.    Esta debe contener una referencia a cualquier caso pendiente cuya suspensión se desee y debe estar propiamente dirigida.

A falta de cualquier notificación específica de la pendencia de los procedimientos en la Corte Federal, la sentencia de la Corte de Distrito de Ponce quedó firme y ejecutoria. La sentencia contra el deudor no era en una acción pendiente, aunque desde luego convenimos enteramente en que

la corte local perdió todo derecho o jurisdicción para librar ejecución contra cualesquiera propiedad del quebrado.

Asimismo dudamos del derecho de los fiadores en este caso a sugerir la pendencia de los procedimientos en la Corte de Distrito de los Estados Unidos. Ellos no han demostrado ningún interés en tales procedimientos; no tienen ninguna condición legal (*status*) como síndico, acreedor o quebrado. Su única reclamación como fiadores podía surgir por virtud de la responsabilidad impuéstales por la sentencia en la corte local. Estas sugestiones adicionales de esta corte favorecen la confirmación de la sentencia de la corte de distrito.

Los apelantes también hicieron el señalamiento de error de que el acreedor estaba primeramente obligado a hacer la excusión de los bienes del deudor. Los apelantes, sin embargo, no argumentan este señalamiento, y la cuestión está resuelta en el caso de *Muriente* v. *Terrasa*, 22 D.P.R. 738, *supra.*

*Debe confirmarse la sentencia apelada.*