Ochoa Fertilizer Corporation, demandante y apelada, *v.* J. Octavio Seix, actuando como J. Octavio Seix & Co., demandado, y José J. Benítez, fiador, apelante.

No. 5992.—*Sometido:* Diciembre 12, 1932. *Resuelto:* Diciembre 16, 1932.

*González Fagundo & González Jr.*, abogados del apelante; *J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados de la demandante y apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La parte apelada nos pide que desestimemos esta apelación por frívola.

En pleito seguido en la Corte de Distrito de San Juan por la corporación Ochoa Fertilizer contra Octavio Seix fueron embargados bienes del demandado para aseguramiento de la sentencia que se dictase, embargo que fué levantado por la fianza que con tal fin prestaron José J. Benítez y Arcadia B. de Seix. La sentencia condenatoria dictada contra el demandado está insoluta e incobrable en cuanto a él en cantidad de $9,516.40 más los intereses de $6,408.93 al 6 por ciento anual desde el 30 de abril de 1931.

A instancia de la demandante la corte inferior ordenó que el fiador José J. Benítez compareciera ante ella a exponer por qué no debía ser confiscada la fianza y ordenarse que en sus bienes fuese ejecutada la sentencia. Compareció ese fiador y alegó que la fianza es nula pero la corte por su juez Sr. Llauger dictó resolución en 19 de diciembre de 1931 declarando válida la fianza y señaló otro día para que el fiador mostrase causa para que la sentencia obtenida por la demandante no se hiciera efectiva en bienes de ese fiador. Éste no compareció a esa vista y la corte por su juez Sr. de Jesús dictó resolución en 21 de enero de 1932 declarando confiscada la fianza y ordenando que la sentencia dictada a favor de la demandante se ejecute en bienes del fiador José J. Benítez. Contra esta resolución interpuso apelación dicho fiador, quien nos ha presentado la transcripción de los autos para la ape-

lación y también su alegato en apoyo de su recurso. Después se ha solicitado la desestimación de la apelación.

██ La fianza que motiva esta apelación, en lo fundamental, literalmente dice así: "Por tanto, nosotros, J. Octavio Seix, como principal, y Arcadia B. de Seix y José J. Benítez, como fiadores, y obligamos personalmente con todos nuestros bienes, presentes y futuros, para responder a la corporación demandante de la sentencia que pudiera recaer en este caso, con todos sus intereses y costas; siendo la condición de esta obligación que si la demandante obtuviere el todo o parte de lo que en su demanda solicita, esta fianza quedará en toda su fuerza y vigor hasta que dicha sentencia fuere satisfecha; y de lo contrario quedará sin valor ni efecto alguno. San Juan, P. R., 4 de enero de 1928. (Fdo.) J. Octavio Seix, Principal. (Fdo.) Arcadia B. de Seix, Fiador. (Fdo.) José J. Benítez, Fiador."

Los dos primeros motivos de esta apelación se refieren a la fianza y en apoyo de ellos dice el apelante que es nula porque los fiadores no se obligaron a pagar a la demandante en caso de que no se encontraran bienes del demandado y que no es solidaria porque no lo dice la fianza, por lo que en el supuesto de que el apelante tuviera alguna responsabilidad por tal fianza, no puede ser condenado al pago de toda la cantidad y sería responsable solamente de una parte proporcional.

Opinamos que los términos de la fianza en este caso son suficientes para poder llegar a la conclusión de que el apelante se obligó con todos sus bienes a responder a la corporación demandante de la sentencia que pudiera recaer en el caso en que fué prestada; y en cuanto a la solidaridad de la obligación del apelante diremos que ya ha sido resuelto por este Tribunal Supremo que las fianzas judiciales, como es la que el apelante firmó, son solidarias. *Muriente* v. *Terrasa*, 22 D.P.R. 738.

En cuanto al otro motivo del recurso carece, como los anteriores, de importancia, pues el hecho de que el juez que dictó la resolución apelada no fuera el mismo que declaró válida la fianza no anula la resolución recurrida.

*La apelación debe ser desestimada por frívola.*