Avilés, Demandante y Apelado, *v.* Hijos de Rafael Toro. S. en C., et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1854.—Resuelto en julio 15, 1919.

Alegaciones Suficientes—Causa de Acción—Daños y Perjuicios Provenientes de Embargo para Aseguramiento de Sentencia—Fianza para Aseguramiento de Sentencia.—Existe suficiente causa de acción en un pleito en que el demandante ejercita la acción de daños y perjuicios basados en las obligaciones impuestas por una fianza prestada para obtener el aseguramiento de sentencia, cuando dicha fianza, por sus términos, es "para atender a los daños y perjuicios que puedan irrogarse al demandado en el caso de resolverse en definitiva no haber lugar a fallar en dicho pleito en contra del demandado" aunque la sentencia fuera en el sentido de tener "al demandante por desistido de la acción entablada, a su perjuicio," pues la fianza fué exigida por la corte para responder de los daños y perjuicios que pudieran irrogarse con el aseguramiento, y un documento otorgado de acuerdo con una orden o decreto de la corte ha de interpretarse de conformidad con la intención del tribunal que ordenó su otorgamiento.

Aseguramiento de Sentencia—Perjuicios Causados al Demandado por Causa del Embargo—Requisitos de la Fianza en el Aseguramiento de Senten-

CIA.—Otorgada una fianza de acuerdo con la ley de 1º. de marzo de 1902, para asegurar la efectividad de sentencias, cuya sección 4ª. dispone que "la fianza que se prestare responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento," tal requisito es parte del contrato de fianza, aunque no se incluya expresamente en él, pues cuando se presta una fianza por virtud de la autoridad de un estatuto que está en vigor al otorgarse aquélla, todo lo que está incluído en la fianza y que la ley no exige debe considerarse como eliminado, y todo lo que en ella no se expresa, y que debió haberse incorporado en la misma, debe tenerse como incluído en ella.

RESPONSABILIDAD DEL DEUDOR PRINCIPAL EN LA FIANZA PARA ASEGURAMIENTO DE SENTENCIA.—Como en la fianza que se presta para obtener el aseguramiento de la sentencia que pueda recaer en un pleito los fiadores se obligan solidariamente con el deudor, la obligación de indemnizar daños y perjuicios afecta tanto al deudor como a los fiadores.

ACUMULACIÓN DE ACCIONES EN PLEITO SOBRE DAÑOS Y PERJUICIOS—DESEMBOLSOS HECHOS POR EL DEMANDADO EN EL PLEITO QUE DIÓ ORIGEN AL ASEGURAMIENTO DE SENTENCIA.—No existe indebida acumulación de acciones en un pleito sobre daños y perjuicios causados por el aseguramiento de la sentencia en otro pleito, porque se reclamen entre los daños los desembolsos del demandado en el pleito en que se aseguró la sentencia, pues tal reclamación no constituye una acción independiente de la de daños y perjuicios, sino que forma parte de ella.

OBLIGACIONES DE LOS FIADORES EN ASEGURAMIENTO DE SENTENCIA—QUIEBRA—RESPONSABILIDAD DE LOS FIADORES POR LA CONTINUACIÓN DEL EMBARGO NO OBSTANTE LA QUIEBRA DEL DEMANDADO.—Aunque la sección 67 de la Ley Federal de Quiebras dispone que todos los embargos obtenidos contra uno que es insolvente en cualquier fecha dentro de los cuatro meses anteriores a la presentación de una solicitud de quiebra contra él, serán tenidos por nulos, caso de que sea declarado en quiebra, ese precepto no exime de las obligaciones impuestas por una fianza para asegurar la efectividad de una sentencia por medio de embargo, cuando el obligado por la fianza, que era el demandante en el pleito en que se efectuó el aseguramiento, no pidió que se le tuviera por desistido de su acción y que se levantara el embargo, pues suya y de los fiadores conjuntamente es la responsabilidad consiguiente a la continuación de un embargo que de hecho quedó subsistente no obstante la declaración de quiebra, aunque ya era ineficaz su derecho.

DAÑOS Y PERJUICIOS—INTERPRETACIÓN DEL ARTÍCULO 1073 DEL CÓDIGO CIVIL.—Según el artículo 1073 del Código Civil la indemnización de daños y perjuicios comprende no sólo el valor de la pérdida que haya sufrido "sino también el de la ganancia que haya dejado de tener el acreedor."

APELACIÓN—FUNDAMENTOS DE LA SENTENCIA—SENTENCIA—IMPUGNACIÓN DE LA SENTENCIA POR EXCESIVA.—Cuando en una sentencia se ha fijado cuantía determinada de indemnización sin precisar las partidas que la determinan, para poder apreciar si dicha cuantía es excesiva debe impugnarse en su totalidad y no por partidas.

DEPÓSITO DE LOS BIENES EMBARGADOS PARA ASEGURAMIENTO DE SENTENCIA—USO DE LOS BIENES EMBARGADOS — RESPONSABILIDAD DEL DEMANDANTE POR LOS PERJUICIOS SUFRIDOS POR LOS BIENES EMBARGADOS.—La sección 10 de la ley

para asegurar la efectividad de sentencias prescribe que el embargo de bie-
nes se practicará depositándolos en poder del tribunal o de la persona desig-
nada por éste bajo la responsabilidad del demandante, y, por tanto, éste es
responsable de los daños y perjuicios que el depositario cause al demandado
con el uso de dichos bienes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sres. Parra & Pérez Mar-chand.*

Abogado del apelado: *Sr. José Benet.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de una acción entablada por Emeterio C. Avilés contra "Hijos de Rafael Toro, S. en C.," Maximino Zapata y Gregorio Ramírez Vélez, en la Corte de Distrito de Maya-güez, para obtener indemnización por daños y perjuicios oca-sionados con motivo de un embargo para asegurar la efec-tividad de la sentencia en caso seguido ante la Corte Mu-nicipal de Cabo Rojo por la sociedad hoy demandada contra el demandante Avilés, en cobro de dinero, cuya acción fué declarada con lugar por sentencia que dictó la referida corte de Mayagüez en 26 de octubre de 1917 condenando a los tres demandados a pagar mancomunada y solidariamente al de-mandante la suma de $1,000 con costas, desembolsos y hono-rarios de abogado. Contra esa sentencia interpuso la repre-sentación de los demandados recurso de apelación para ante esta Corte Suprema.

Son hechos alegados por la demandante y aceptados por los demandados en su contestación, los siguientes:

. La mercantil demandada radicó en la Corte Municipal de Cabo Rojo en 5 de febrero de 1915, una demanda contra el demandante en cobro de la suma de $499.94 y además soli-citó y obtuvo de dicha corte una orden para asegurar la efec-tividad de la sentencia que pudiera recaer en dicho pleito mediante fianza que prestaron los demandados Maximino Za-pata y Gregorio Ramírez.

. La expresada fianza fué aprobada en su fecha por el juez

municipal de Cabo Rojo y en su virtud el marshal de esa corte a designación del demandante embargó el mobiliario y aparatos de un cinematógrafo propiedad del demandado Avilés que entonces funcionaba en el pueblo de Lajas, habiendo sido depositados los efectos embargados en poder de Angel C. Sanabria quien con fecha 6 de febrero citado tomó posesión material de los mismos.

En 18 de abril de 1915, estando pendiente en la Corte Municipal de Cabo Rojo la acción allí ejercitada por "Hijos de Rafael Toro, S. en C.," contra E. C. Avilés, dicha razón mercantil y dos acreedores más radicaron en la Corte de Distrito de los Estados Unidos para Puerto Rico una petición jurada solicitando que Avilés fuera declarado en estado de quiebra, alegando al efecto la mercantil citada ser acreedora de Avilés por la misma cantidad cuyo cobro había originado el ejercicio de su acción ante la Corte Municipal de Cabo Rojo, y la corte de los Estados Unidos para Puerto Rico, con fecha 7 de mayo de 1915, declaró quebrado a E. C. Avilés, habiendo terminado el procedimiento de quiebra mediante una proposición de convenio hecha por el quebrado Avilés a sus acreedores, del pago al contado de un 25 por ciento del montante de todos los créditos aprobados, proposición que fué aprobada por el juez de la Corte de los Estados Unidos para Puerto Rico, pagando Avilés de acuerdo con el convenio todos los créditos reconocidos entre éstos el de "Hijos de Rafael Toro, S. en C.," y quedando, por tanto, rehabilitado dicho quebrado.

Ya rehabilitado E. C. Avilés, presentó éste en 30 de septiembre de 1915 moción en la Corte Municipal de Cabo Rojo solicitando que se dictara una sentencia a su favor, y a su vez la sociedad mercantil "Hijos de Rafael Toro" radicó otra moción para que se dictara una sentencia por desistimiento, habiéndose resuelto ambas mociones por sentencia de 15 de octubre de 1915, en los siguientes términos:

"La corte, proveyendo la moción sobre desistimiento radicado por

el demandante en este pleito el día 30 de septiembre de 1915 y la del demandado, radicada en el día 2 de octubre de 1915, las declara ambas con lugar y por la presente dicta una sentencia por desistimiento en este caso, teniendo al demandante por desistido de la acción entablada, a su perjuicio; y asimismo decreta y ordena el levantamiento del embargo trabado por el marshal de esta corte y el de la de San Germán para asegurar la efectividad de la sentencia, debiendo dichos marshals proceder a entregar al demandado E. C. Avilés los bienes que le fueron embargados, según aparece del inventario practicado en este caso; también ordena al secretario que entregue a dicho demandado la fianza de aseguramiento prestada por la demandante a los efectos del artículo 192; imponiéndole a la demandante el pago de las costas y desembolsos de este pleito.''

En cumplimiento de dicha sentencia los bienes embargados fueron entregados en 27 de octubre de 1915 por el depositario Angel C. Sanabria a Emeterio C. Avilés.

Con los hechos relacionados están conformes ambas partes demandante y demandados, y sobre otros en que no estuvieron conformes las partes y que fueron materia de prueba en el juicio, la corte estableció como conclusiones de hecho que, ''allá hacia mediados del mes de febrero del año 1915 el depositario Angel C. Sanabria, sin permiso ni autorización de la Corte Municipal de Cabo Rojo y actuando sin el consentimiento ni autorización del demandado Emeterio C. Avilés, y siguiendo instrucciones del demandante en aquel pleito, ''Hijos de Rafael Toro, S. en C.,'' y con la autorización de éste continuó operando en dicho cinematógrafo y dando funciones regulares con el mismo, habiéndose trasladado con tal objeto a los pueblos de San Germán y Sabana Grande, cobrando por la admisión del público que asistía a dichas funciones, y apropiándose del producto de las mismas; * * * que el depositario Angel C. Sanabria usó y utilizó los bienes embargados, realizó ganancias con los mismos, se apropió del producto de dichas utilidades sin rendir cuenta a persona alguna; y que posteriormente cuando los bienes fueron devueltos al demandado Emeterio C. Avilés en virtud de una

orden dictada por la corte municipal, se encontraban los bienes embargados en un estado tal de uso y deterioro que los hacía inservibles para el objeto a que se destinaban; * * * y que el demandante en este caso ha probado que ha sido perjudicado por el uso y deterioro hecho por el depositario de los bienes embargados y confiados a su custodia, por el beneficio obtenido con el producto de dichos bienes y con otros perjuicios que fueron satisfactoriamente probados a juicio de la corte en la suma de $1,000."

Con los hechos expuestos por base, la corte de Mayagüez dictó sentencia en los términos que al principio dejamos indicados.

Alega la parte apelante para sostener el recurso de apelación, once errores que por su orden numérico consideraremos a continuación:

I. El declarar sin lugar la excepción previa de falta de causa de acción.

Funda el apelante dicha excepción en que el demandante Emeterio C. Avilés ejercita una acción de daños y perjuicios basados en las obligaciones impuestas por la fianza prestada para obtener la orden de aseguramiento de sentencia, y la fianza prestada debe limitarse en sus efectos a la falta de causa probable en la demanda y por consiguiente en el embargo.

El texto literal de la fianza es el siguiente:

"POR CUANTO, el demandante, "Hijos de Rafael Toro, S. en C.," ha establecido ante esta corte (Corte Municipal de Cabo Rojo) una demanda en cobro de dinero por la suma de $499.94 contra el demandado E. C. Avilés, y, además, ha solicitado del Hon. Juez el aseguramiento de efectividad de sentencia que ha de dictarse en la misma;

"POR CUANTO, el Hon. Juez ha exigido, para decretar el embargo, la prestación de fianza por la suma de mil dólares para responder de daños y perjuicios que puedan irrogarse con dicho aseguramiento:

"POR TANTO, nosotros, Gregorio Ramírez Vélez y Maximino Zapata, residentes en el distrito judicial municipal de Cabo Rojo, li-

bre y expontáneamente garantizamos mancomunada y solidariamente la obligación que por la presente fianza ha contraído el demandante en dicho pleito, respondiendo de la suma de $1,000 para atender a los daños y perjuicios que puedan irrogarse al demandado E. C. Avilés en el caso de resolverse en definitiva no haber lugar a fallar en dicho pleito en contra del demandado.   Firmado: Gregorio Ramírez, fiador.—Firmado: Maximino Zapata, fiador.''

Ya hemos transcrito antes los términos en que la Corte Municipal de Cabo Rojo dictó sentencia con fecha 15 de octubre de 1915, en el caso a que se refiere la fianza prestada, teniendo al demandante por desistido de la acción entablada a su perjuicio y ordenando el levantamiento del embargo trabado para asegurar la efectividad de la sentencia.   El pleito como se ve no sólo no se falló en contra del demandado, por falta de términos hábiles para ello, sino que se resolvió en contra del demandante, ''Hijos de Rafael Toro, S. en C.,'' a su perjuicio, e imponiéndole el pago de las costas y desembolsos.

Pero si alguna duda hubiera acerca del alcance y extensión de la obligación de fianza, esa duda debería resolverse teniendo en cuenta la intención de la Corte Municipal de Cabo Rojo que exigió para decretar el embargo la prestación de fianza por la suma de $1,000 para responder de los daños y perjuicios que pudieran irrogarse con dicho aseguramiento.   La fianza se prestó para cumplir el judicial mandato y un documento otorgado de acuerdo con una orden o decreto de la corte ha de interpretarse de conformidad con la intención del tribunal que ordenó su otorgamiento.  9 C. J. 33.

La sección 4ª. de la ley de 1º. de marzo de 1902, para asegurar la efectividad de sentencias, dice así:

''Sección 4ª.—Si consta claramente en documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza.   En cualquier otro caso, exigirá fianza para decretarlo.   La fianza que al efecto se prestare responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento.''

Ese precepto establece por modo expreso que la fianza responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento, y tal requisito o condición es parte del contrato de fianza aunque no se incluya expresamente en él, porque habiéndose amparado en él el demandante para solicitar el aseguramiento de la sentencia, no solamente se obligó en aquella parte de la ley que le favorece sino que también le alcanza la responsabilidad que en su perjuicio establece la misma.

"La ley que rige en la fecha del otorgamiento de una fianza es parte de ella, si da a dicha fianza cierto efecto legal y es de tal modo parte de la fianza como si por sus términos estuviese incorporada en ella. Cuando se preste una fianza por virtud de la autoridad de un estatuto que está en vigor al otorgarse éste, a falta de algo que demuestre una intención diferente, se presumirá que fué la intención de las partes otorgar dicha fianza como lo exige la ley; y dicho estatuto constituye parte de la referida fianza como si estuviera incorporado en ella, debiendo interpretarse la fianza en relación con el estatuto y la interpretación que a éste haya dado la corte. A dicha fianza debe dársele el efecto que en justicia haya sido la intención del estatuto. Todo lo que está incluído en la fianza y que la ley no exige debe considerarse como eliminado y todo lo que en ella no se expresa y que debió haberse incorporado en la misma, debe tenerse como incluído en ella." 9 C. J. 34.

Y como en la fianza que se presta para obtener el aseguramiento de la sentencia que pueda dictarse en un determinado pleito los fiadores se obligan solidariamente con el deudor *Lowande* v. *Otero & Cía. et al.*, 14 D. P. R. 571, y *Muriente* v. *Terrasa et al.*, 22 D. P. R. 738, la obligación de indemnizar daños y perjuicios cuyo cumplimiento se reclama en la demanda afecta tanto al deudor, "Hijos de Rafael Toro & Co., S. en C.," como a los fiadores, demandados Gregorio Ramírez y Maximino Zapata, mostrando, por tanto, la demanda una verdadera causa de acción.

II. Declarar sin lugar la excepción previa de indebida acumulación de acciones.

Dicha excepción opuesta a la demanda por los demandados, se basa en que habiéndose ejercitado la acción contra los tres demandados por razón de los daños y perjuicios que se dice sufrió el demandante a consecuencia del aseguramiento de sentencia, se intentan cobrar también los desembolsos hechos en el pleito, de los que no son responsables los fiadores demandados Zapata y Ramírez.

Las partidas de daños y perjuicios causados al demandante Emeterio C. Avilés con motivo del aseguramiento de sentencia se relacionan en la demanda del modo siguiente:

| | |
|---|---:|
| "Por la depreciación, uso, mal uso y traslado de un pueblo a otro de los bienes del demandante, en relación con su valor actual_____ | $565 |
| "Dejado de ganar en el término de 8 meses con dichos bienes a razón de $180 mensuales_____ | 1,440 |
| "Honorarios de abogado que tuvo que utilizar el demandado allí (Corte Municipal de Cabo Rojo) con motivo del pleito y del aseguramiento_____ | 100 |
| "Que hacen un total de_____ | $2,105 |

Como se ve, la reclamación del reintegro de honorarios de abogado no fué una acción independiente de la de daños y perjuicios que se ejercita sino que está englobada en dicha acción como parte de los daños y perjuicios causados, y, por tanto, no procede la excepción de indebida acumulación de acciones, sino la estimación o desestimación de la partida de honorarios al resolverse el caso por sus méritos o al dictarse sentencia final.

III. Equivocar el alcance del contrato de fianza objeto de la acción que se ejercita.

Semejante error fué considerado al discutir el primer error y es insostenible por las mismas razones que entonces expusimos.

IV. No dar la debida autoridad al estatuto federal sobre quiebras en relación con los embargos hechos dentro de los cuatro meses anteriores a la petición de quiebra.

Ciertamente que el 6 de febrero de 1915 se trabó el embargo de los bienes del demandante y que en 18 de abril de 1915 se hizo la petición de quiebra ante la Corte de Distrito de los Estados Unidos para Puerto Rico, la que en 7 de mayo del mismo año declaró y adjudicó quebrado al demandante Avilés, y, por tanto, es claro que la fecha en que Avilés fué declarado en quiebra está dentro de los cuatro meses siguientes al embargo de los bienes; pero ese hecho no lleva a la conclusión establecida por el apelante de que desde el 18 de abril de 1915 cesó automáticamente el embargo trabado por la Corte Municipal de Cabo Rojo sobre los bienes de Avilés y desde ese momento quedaron libres de toda responsabilidad "Hijos de Rafael Toro" y sus fiadores en todo lo que a partir de esa fecha pudiera ocurrir con los bienes embargados.

La sección 67 de la Ley Federal Sobre Quiebras establece que: "todas las ejecuciones, sentencias, embargos u otros gravámenes obtenidos mediante procedimiento legal contra uno que es insolvente, en cualquier fecha dentro de los cuatro meses anteriores a la presentación de una solicitud de quiebra contra él, serán tenidos por nulos y sin ningún valor caso de que sea declarado en quiebra; y la propiedad afectada por la ejecución, sentencia, embargo u otro gravamen, será considerada enteramente exonerada y relevada de los mismos y pasará al síndico como parte de los bienes del quebrado, etc."

El precepto anterior no es de influencia alguna en el resultado del presente pleito, pues nada tienen que ver los procedimientos de quiebra de Emeterio C. Avilés con la responsabilidad asumida por los demandados apelantes en virtud del embargo de bienes de Avilés en el juicio contra él seguido por "Hijos de Rafael Toro, S. en C.," en la Corte Municipal de Cabo Rojo.

"Hijos de Rafael Toro, S. en C.," amparados por la Ley Federal de Quiebra pudieron solicitar en la Corte Municipal

de Cabo Rojo que se les hubiera por desistidos de su acción
pues ya la habían ejercitado también ante la Corte Federal
en procedimiento de quiebra de Avilés y que se alzara el
embargo practicado en bienes de éste; pero no lo hicieron
así hasta el 30 de septiembre de 1915 y suya y conjunta-
mente de los fiadores es la responsabilidad consiguiente a
la continuación de un embargo que de hecho quedó subsis-
tente, no obstante la declaración de quiebra, aunque ya era
ineficaz en derecho.

V. Considerar que una fianza para el embargo de bienes
puede responder de los beneficios que hubiera podido obtener
el demandado de haber tenido la libre disposición de sus
bienes.

Esa cuestión ya fué resuelta en el caso de *Muriente* v.
*Terrasa et al.*, 22 D. P. R. 738. Entonces dijimos y hoy re-
petimos, que el artículo 1073 del Código Civil prescribe que
la indemnización de daños y perjuicios comprende no sólo
el valor de la pérdida que haya sufrido "sino también el
de la ganancia que haya dejado de obtener el acreedor."

VI. Considerar que una fianza para el aseguramiento de
bienes puede responder a los honorarios de abogado que haya
pagado el demandado en el pleito.

En las partidas de daños y perjuicios que el demandante
relaciona en su demanda y que ascienden a $2,105 figura una
de $100 por honorarios de abogado que tuvo que utilizar el
demandado con motivo del pleito y del aseguramiento, pero
no aparece de las conclusiones de hecho a que llegó la corte
inferior que esa partida de honorarios se tuviera en cuenta
al fijarse por sentencia la indemnización en la suma de $1,000;
pero aunque así hubiera sucedido, como el juez al fijar la
cuantía de la indemnización no precisa las partidas que la
determinan, a la parte apelante incumbía demostrar que di-
cha cuantía es excesiva si se engloban en ella los honorarios
de abogado, lo que no ha verificado.

Cuando en una sentencia se ha fijado cuantía determi-

nada de indemnización sin precisar las partidas que la determinan, para poder apreciar si dicha cuantía es excesiva debe impugnarse en su totalidad y no por partidas, pues ya hemos dicho repetidas veces que el recurso de apelación se da contra la sentencia y no contra sus fundamentos. *Filardi* v. *Barreda,* 24 D. P. R. 391.

VII. No especificarse en la sentencia los daños y perjuicios que se consideran probados y el montante de cada uno.

Ese señalamiento de error sostiene nuestro anterior razonamiento de que no consta que el juez al apreciar la indemnización ordenada tuviera en cuenta los honorarios de abogado. No encontramos precepto alguno legal que imponga al juez la obligación cuyo cumplimiento pretende la parte apelante.

VIII. Dar por probado que "Hijos de Rafael Toro" dió instrucciones y autorizó al depositario para que él (dicho depositario) continuara operando el cinematógrafo, y dar valor a esa supuesta autorización, sin que en ella interviniera la corte.

IX. Dar por probado que el demandante Avilés no consintió en el uso que el depositario hacía de los bienes embargados.

Hemos examinado las pruebas y no encontramos que se hayan cometido los errores expresados, y por lo que toca al VIII tampoco es de influencia en el resultado del pleito, pues el depositario actuaba bajo la responsabilidad del demandante. La sección 10 de la ley para asegurar la efectividad de sentencias prescribe que la prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán depositando los bienes de que se trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. En el presente caso el demandante designó depositario de los bienes embargados.

X. Tomar en consideración que "Hijos de Rafael Toro" abandonó prácticamente el asunto en la corte municipal des-

pués del embargo y no tomar en consideración asimismo que E. C. Avilés abandonó en dicha corte la defensa de sus derechos desde febrero a septiembre de 1915.

Avilés estaba protegido por una fianza y había un depositario de cuyos actos era responsable la sociedad demandante, "Hijos de Rafael Toro." Sus derechos estaban garantidos y no puede imponérsele la obligación de ejecutar actos tendentes a evitar o disminuir la responsabilidad de dicha sociedad y de sus fiadores.

XI. Tomar en consideración que "Hijos de Rafael Toro" no apeló de la sentencia de la Corte Municipal de Cabo Rojo en la que se le declaraba desistido del pleito a su perjuicio.

El juez en su opinión hace constar que "Hijos de Rafael Toro, S. en C.," se conformaron con la sentencia que dictó la Corte Municipal de Cabo Rojo en 15 de octubre de 1915, pero examinadas en conjunto las conclusiones de hecho que sirvieron de fundamento a la sentencia apelada, claramente se ve que la conformidad de "Hijos de Rafael Toro" con la sentencia de la Corte Municipal de Cabo Rojo no influyó decisivamente en el ánimo del juez al dictar la sentencia apelada, la que propiamente se fundó en el decreto de aseguramiento de sentencia, en la fianza prestada, en la sentencia de la Corte Municipal de Cabo Rojo y en la prueba de los daños y perjuicios causados con motivo del aseguramiento.

Hemos dicho repetidas veces que el recurso de apelación no se da contra los fundamentos de la sentencia sino contra la resolución que ésta entraña. Examinada la sentencia apelada en cuanto condena a los demandados a pagar mancomunada y solidariamente al demandante la suma de $1,000, con costas, desembolsos y honorarios de abogado, se sostiene por las pruebas practicadas en el juicio y se ajusta a la ley aplicable al caso.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.