El Pueblo de Puerto Rico, demandante y apelante, *v.* Ignacio T. Peñagarícano, Eduardo G. González y Maryland Casualty Company of Baltimore, demandados y apelados.

Núm. 7707.—*Sometido:* Marzo 23, 1939. *Resuelto:* Abril 14, 1939.

*Hon. Procurador General B. Fernández García* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelante; *Juan B. Soto* y *E. Igaravídez,* abogados de la apelada Maryland Casualty Co. of Baltimore.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El 15 de septiembre de 1927, los demandados Peñagarícano y González, socios y dueños de un *stadium* dedicado a la celebración de exhibiciones de boxeo, y la compañía de fianzas Maryland Casualty Company otorgaron a favor de El Pueblo de Puerto Rico la fianza por $5,000 que de acuerdo con las disposiciones de la sección 5 de la Ley núm. 15 de 16 de mayo de 1927 (Leyes de 1927, pág. 439) debe prestar toda persona a quien se expida una licencia para operar un *stadium* en Puerto Rico. En lo que es pertinente, dicha fianza lee así:

"POR LA PRESENTE se hace constar que la social 'Peñagarícano, González & Co., S. en C.,' representada por sus gestores Ignacio T. Peñagarícano y Eduardo G. González, de San Juan, P. R., como principales, y la Maryland Casualty Company, de San Juan, P. R., como fiadores, nos obligamos solidaria y mancomunadamente, a favor de El Pueblo de Puerto Rico, en la suma de CINCO MIL DOLLARS ($5,000) moneda corriente, la cual suma será pagada al Tesorero de Puerto Rico, *de acuerdo con las condiciones aquí establecidas y lo que al efecto dispone la antes citada ley,* quedando nosotros, así como nuestros herederos y causahabientes, albaceas o administradores de nuestros bienes, formal y solemnemente obligados a efectuar tal pago.

"POR CUANTO los mencionados Ignacio T. Peñagarícano y Eduardo G. González tienen establecido un *stadium* en la parada 15, Santurce, en la municipalidad de Santurce, P. R., para llevar a cabo exhibiciones o encuentros de boxeo o luchas grecorromanas, y sobre

el total del ingreso bruto producido por la venta de entradas (*tickets*) a cada espectáculo debe pagar una contribución del diez (10) por ciento al Tesorero de Puerto Rico;

"POR CUANTO, los mencionados Ignacio T. Peñagarícano y Eduardo G. González *están sujetos al pago de cualquier contribución impuesta al stadium*, o reclamación por daños y perjuicios ocasionados con motivo del funcionamiento del *stadium*, y

"POR CUANTO los mencionados Ignacio T. Peñagarícano y Eduardo G. González están en la obligación de dar cumplimiento a otras disposiciones establecidas en dicha Ley Núm. 15.

"POR TANTO (si los mencionados Ignacio T. Peñagarícano y Eduardo G. González rehusan o dejan de pagar el diez por ciento, 10%, del ingreso bruto producido por la venta de entradas (*tickets*) en la forma y tiempo establecidos, *o rehusan o dejan de pagar cualquiera otra contribución*, o rehusan o dejan de satisfacer cualquier reclamación por daños y perjuicios ocasionados con motivo del funcionamiento del *stadium*, cuando tal reclamación está debida y legalmente determinada, o rehusan o dejan de dar cumplimiento a cualquiera de las demás obligaciones establecidas por la citada Ley Núm. 15, el mencionado fiador pagará el importe total de tales deudas y reclamaciones contraídas o incurridas por el principal en esta fianza, y en caso contrario la fianza prestada o el depósito hecho será confiscado a favor de El Pueblo de Puerto Rico, ingresando en sus fondos el remanente luego de saldar las cuentas por cada concepto)." (Bastardillas nuestras.)

En octubre 5, 1936, El Pueblo de Puerto Rico interpuso demanda contra los principales y contra la compañía fiadora, alegando dos causas de acción. Por la primera se reclama la suma de $3,002.11 por concepto de "contribución sobre ingresos retenida en el origen y recargos calculados hasta septiembre 1 de 1936, habiéndose impuesto dicha contribución a la referida sociedad sobre los pagos hechos por ella a distintas personas no residentes por servicios prestados en esta Isla en relación con las exhibiciones de boxeo celebradas en el *stadium* de la referida sociedad." En la segunda causa de acción se reclama la suma de $132.47 "por concepto de arbitrios sobre espectáculos públicos celebrados en el *stadium*" de la sociedad Peñagarícano, González & Cía., S. en C.

La corte inferior declaró con lugar la excepción previa de insuficiencia de la demanda, en cuanto a la Maryland Casualty Company se refiere, sin perjuicio de que el pleito continúe en cuanto a los otros dos demandados. No conforme, el demandante interpuso el presente recurso. De los cuatro señalamientos de error consideraremos solamente el primero y el segundo, los que pueden refundirse en estas breves palabras: "La corte inferior erró al resolver que la demanda no aduce hechos suficientes para determinar causa de acción contra la compañía fiadora."

De acuerdo con la sección 5 de la Ley núm. 15, supra, lo único que el tenedor de una licencia para explotar un *stadium* está obligado a afianzar es: (*a*) el pago de cualquier contribución impuesta al *stadium*; y (*b*) el pago de cualquier reclamación por daños y perjuicios ocasionados con motivo del funcionamiento del *stadium*.

La sección 10 de la misma Ley núm. 15 impone a la persona que opere un *stadium* la obligación de pagar al Tesorero de Puerto Rico una contribución del 10 por ciento del total del ingreso bruto producido por la venta de entradas a cada espectáculo. Hemos examinado cuidadosamente y en su totalidad la citada ley y no encontramos en ella ninguna otra disposición por la cual se imponga alguna otra contribución al negocio de mantener y explotar un *stadium* en Puerto Rico. No tenemos duda alguna en cuanto a que el pago de la contribución de 10 por ciento del ingreso bruto que la sección 10 impone al *stadium* está garantizado por la fianza suscrita por la Maryland Casualty Co.

¿Está obligada la compañía fiadora, de acuerdo con la Ley núm. 15 ya citada y con los términos de la fianza por ella prestada a responder del pago de las cantidades reclamadas en la demanda? A nuestro juicio no pesa tal obligación sobre la corporación demandada.

La sección 22 de la Ley núm. 74 de 6 de agosto de 1925 (Leyes de 1925, pág. 401), base de la contención de la parte demandante, impone a toda persona, cualquiera que sea la

capacidad en que actúe, que pague sueldos o salarios de cualquier individuo no residente que no sea ciudadano de Puerto Rico, el deber de deducir y retener una contribución igual al 6 por ciento de las cantidades así pagadas y satisfacer el importe de dicha contribución al Tesorero de Puerto Rico en o antes del 15 de junio de cada año. Dispone además la citada sección (inciso (b)) que "cada una de dichas personas queda por la presente declarada responsable de dicha contribución."

Convenimos con la corte inferior en que la contribución del 6 por ciento que provee la sección 22 de la Ley núm. 74, supra, no puede ser considerada lógicamente como una contribución impuesta al negocio del stadium, o como aparece en el texto inglés "levied on the stadium." El pago de dicha contribución es una obligación de la persona "no residente que no sea ciudadano de Puerto Rico," cuyo cumplimiento está garantizado por la obligación que subsidiariamente impone la ley al pagador del ingreso tributable de retener el importe de la contribución y de responder de su pago.

No hemos podido encontrar en la Ley de Contribuciones sobre Ingresos, núm. 74, supra, disposición alguna que imponga a las personas obligadas por la sección 22 de la misma ley a retener el importe de la contribución en el origen, el deber de afianzar el cumplimiento de esa obligación, ni tampoco disposición alguna que autorice al Tesorero de Puerto Rico a exigir la prestación de tal fianza. No existe base alguna para establecer la presunción de que las partes contratantes tuvieron en mente el afianzamiento de las cantidades que ahora se reclaman a la compañía fiadora apelada.

De los hechos expuestos solamente puede surgir una presunción legal y es la de que al otorgar la fianza las partes tuvieron la intención de ajustarse a y cumplir con el estatuto que exige la prestación de tal fianza, o sea la Ley núm. 15 de 1927. Dicha ley constituye parte de la fianza como si estuviera incorporada en ella; y la fianza debe ser interpretada a la luz del estatuto que le dió vida y de acuerdo

con el propósito del mismo. 9 C. J. 34; *Avilés* v. *Hijos de Rafael Toro, S. en C., et al.,* 27 D.P.R. 671, 678; artículo. 1726 Código Civil (ed. 1930).

Convenimos con la corte inferior en, que de acuerdo con la máxima de interpretación *ejusdem generis,* la frase "o rehusan o dejan de pagar cualquiera otra contribución" que aparece en la fianza, se refiere a otras contribuciones que como la del 10 por ciento del producto bruto de las entradas, se impone al *stadium,* pero no a las contribuciones o arbitrios a que se refiere la demanda.

*Por las razones expuestas debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. De Jesús no intervino.