Tomás Martí, demandante y apelado, *v.* Pascual Hernández Díaz y Maryland Casualty Company, demandados y apelantes.

Núm. 8269.—*Sometido:* Diciembre 2, 1940. *Resuelto:* Diciembre 20, 1940.

*Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de los apelantes; *C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El presente recurso fué interpuesto contra sentencia de la Corte de Distrito de San Juan, por la cual se condena a los demandados apelantes a pagar al demandante Martí la suma de $817 por concepto de daños y perjuicios ocasionados por un embargo, más las costas y $100 para honorarios de abogado.

El demandante y apelado solicita se desestime el recurso por el motivo de ser éste frívolo y haber sido interpuesto para dilatar la ejecución de la sentencia. Hagamos primero una exposición concisa de los hechos que el tribunal inferior declaró probados: En septiembre de 1934 Pascual Hernández, el apelante, demandó a Tomás Martí, el apelado, reclamándole $2,000 como indemnización por los daños causados a su reputación por denuncia que contra él hiciera Martí, imputándole un delito de falsa representación. Previa prestación de fianza de $1,000, Hernández embargó un establecimiento de Martí, la cuenta de ahorros que éste tenía en el banco y un automóvil. Un mes y doce días después de trabado, el embargo fué levantado por estipulación de las partes, prestando en su lugar Martí una fianza.

En febrero 17 de 1936, la demanda de Hernández contra Martí fué declarada sin lugar, después de verse el caso en sus méritos. Apeló Hernández para ante esta Corte Suprema en 19 de marzo de 1936. En 26 de octubre del mismo año y estando aún pendiente la apelación, la Corte de Distrito de San Juan, a moción del propio Hernández, decretó el levantamiento del embargo y ordenó la cancelación de la

fianza a virtud de la cual se había decretado el aseguramiento. Martí no fué notificado de dichos procedimientos. Posteriormente, en noviembre 5, 1938, esta Corte Suprema, a moción de Hernández, dió a éste por desistido de su apelación, con lo cual quedó firme la sentencia que desestimó su demanda contra Martí.

Siete meses más tarde, en 26 de junio de 1939, Martí radicó demanda contra Hernández y contra la Maryland Casualty Company, como fiadora, para recobrar los daños que alegó haberle sido causados por el embargo de sus bienes. En su contestación los demandados niegan específicamente los hechos esenciales de la demanda e interponen como defensas especiales: (a) que la acción está prescrita de conformidad con el artículo 1868 del Código Civil en relación con las disposiciones del artículo 1802 del mismo Código, y (b) que el demandado Hernández actuó sin malicia y siguiendo los consejos de su abogado respecto a la suficiencia de su causa de acción.

La corte inferior desestimó ambas defensas. El demandante apelado sostiene que la frivolidad de una y otra defensas es tan evidente, que procede la desestimación del recurso.

El artículo 1802 del Código Civil (1930) provee que ''el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.'' El artículo 1868 del mismo Código concede un término de un año para la prescripción de las acciones derivadas de la culpa o negligencia de que se trata en el artículo 1802; y el artículo 1869 prescribe que: ''el tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse.''

¿Pudo Martí ejercitar legalmente la acción de daños y perjuicios con anterioridad al 5 de noviembre de 1938, fecha en que se dió por desistido a Hernández de la apelación interpuesta por él en el caso principal, en el cual se practicó el embargo causante de los daños? Es evidente que

no. Desde el momento en que fué interpuesta y hasta que se dió por desistido de ella al apelante, dicha apelación suspendió los efectos de la sentencia a favor de Martí; y la cuestión sobre la legalidad o ilegalidad del embargo quedó en suspenso hasta que se resolviera la apelación pendiente. La causa de acción a favor de Martí, para recobrar los daños causádosle por el embargo, no podía estar completa mientras no se confirmase la sentencia desestimando la demanda de Hernández contra él. La revocación de dicha sentencia hubiese dejado establecida la legalidad del embargo y privado a Martí del derecho a reclamar daños y perjuicios. Al quedar confirmada la sentencia a favor de Martí, por haber desistido Hernández del recurso por él entablado, en ese momento y no antes nació la causa de acción a favor de Martí. Es por lo tanto el día 5 de noviembre de 1938 la fecha en que debe empezar a contarse el término prescriptivo de un año para el ejercicio de la acción. Y habiéndose interpuesto la demanda el 26 de junio de 1939, la corte inferior no erró al declarar que la acción no estaba prescrita. Véanse: 5 Am. Jur. 193, sec. 988; 7 C.J.S. 352, sec. 172; *Serrallés* v. *Saurí,* 44 D.P.R. 402; *Rivera* v. *Merced,* 17 D.P.R. 241; *Goodyear Tire Co.* v. *Brugueras,* 44 D.P.R. 622, 627; *Maxwell* v. *Griffith,* 54 P. 938, y *Hahn* v. *Seifert,* 31 N.W. 564.

No era ni podía ser el 26 de octubre de 1936, fecha en que a petición de Hernández se levantó el embargo, la fecha en que empezó a correr el término de un año para el ejercicio de la acción a favor de Martí. ■ El levantamiento del embargo dos años después de trabado, a petición del embargante, no podía tener el efecto de exonerar a éste de la responsabilidad en que hubiere incurrido como consecuencia del aseguramiento. El embargado no podía, sin embargo, entablar acción para recobrar daños y perjuicios mientras la sentencia dictada a su favor en el caso en que se practicó el embargo estuviera pendiente de ser revisada en apelación.

■■■ La defensa de prescripción es evidentemente **frívola**. Igualmente lo es la interpuesta por Hernández al efecto de que al practicar el embargo él actuó sin malicia y siguiendo el consejo de su abogado en cuanto a la suficiencia de su alegada causa de acción. La malicia no es un elemento necesario en la acción estatutaria que tiene la persona cuyos bienes son embargados indebidamente para recobrar los daños y perjuicios que se le causen como consecuencia del embargo. Todo lo que tiene que alegar y probar el demandante en una acción de esa naturaleza es que sus bienes fueron embargados; que la acción que contra él se entabló y en la cual se decretó el embargo terminó por sentencia firme a su favor; y los daños sufridos. Véanse: artículo 4 de la Ley para asegurar la efectividad de sentencias, de marzo 1, 1902 (Compilación 1911, Secs. 5233–5250, Cód. Enj. Civil, ed. 1933, págs. 97–102); 5 Am. Jur. 200, sec. 998; 7 C. J. S. 673, sec. 540, sub. (*e*).

*Por las razones expuestas debe desestimarse por frívolo el recurso y confirmarse la sentencia recurrida.*