Francisco P. Cintrón, demandante y apelado, *v.* Insular Industrial & Agricultural Exposition Association, Inc., y Balbina Balbaño Vda. de Caso y Dr. José B. Caso, demandados y apelantes los dos últimos.

Núm. 8253.—*Sometido:* Mayo 23, 1941. *Resuelto:* Junio 9, 1941.

*R. Rivera Zayas* y *Joaquín Velilla,* abogado de los apelantes; *Harry M. Besosa,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En septiembre de 1934 la Insular Industrial & Agricultural Exposition Assn., Inc., demandó a Francisco P. Cintrón en acción sobre cobro de dinero ante la Corte de Distrito de San Juan y solicitó y obtuvo el 11 de septiembre en aseguramiento de la sentencia que pudiera recaer y previa prestación de fianza, que prestaron Balbina Balbaño Vda. de Caso y José B. Caso, por $1,200, el embargo de bienes de Cintrón consistentes en unos aparatos denominados "Ola Giratoria", "Sillas Voladoras", una "Pica de picar", una "pica de caballitos" y cuarenta planchas de zinc. El 3 de noviembre del mismo año Cintrón levantó el embargo prestando a su vez otra fianza. Siguió el pleito sus trámites y la corte de distrito el 26 de diciembre de 1935 declaró sin lugar la demanda y no conforme la demandante apeló para ante este tribunal que confirmó la sentencia el 4 de febrero de 1938 (52 D.P.R. 631).

El día 3 de febrero de 1939 Cintrón radicó la demanda en este caso contra la Insular Industrial & Agricultural Exposition Assn., Inc., y Balbina Balbaño Vda. de Caso y José B. Caso, para recobrar $1,200 de daños que alegó haberle sido causados por el embargo de sus bienes en el pleito anterior. Los demandados contestaron la demanda negando todos los hechos de la misma y como defensas especiales alegaron que la demanda no aducía hechos constitutivos de causa de acción y que ésta está prescrita de acuerdo con el inciso 2 del artículo 1868 del Código Civil, y que habiéndose comprometido los demandados en la fianza a "responderle al dicho demandado (Cintrón) de cualquier

sentencia que, pueda recaer, en su día, en favor suyo'' y no habiendo obtenido dicho Cintrón adjudicación alguna a su favor en aquel pleito, la fianza prestada quedó sin efecto.

Celebrado el juicio correspondiente la corte inferior dictó sentencia declarando con lugar la demanda y condenando a los demandados a pagar mancomunada y solidariamente al demandante la cantidad de $600 como daños y perjuicios, costas y $100 de honorarios de abogado. No conformes los demandados establecieron este recurso en el que alegan que la corte inferior cometió error al permitir que el demandante radicara una demanda enmendada, al declarar sin lugar la excepción de falta de hechos interpuesta contra la demanda enmendada y la reproducida en la contestación; al admitir prueba del demandante cuando su causa de acción estaba prescrita; al declarar con lugar la demanda y condenar a los demandados en la forma antes expuesta; al declarar sin lugar la defensa especial de prescripción; al no consignar en su sentencia que el demandante no podría recobrar daños por los $53.25 embargados; al no declarar que no procedían los daños por haber el demandante levantado el embargo, y al no declarar que la fianza prestada por los demandados quedó sin efecto por no haber obtenido el demandante sentencia adjudicándole cantidad alguna en el caso anterior. Discuten los apelantes los errores primero, segundo, tercero, cuarto y sexto, conjuntamente, por envolver ellos, según alegan, la defensa de prescripción levantada ante la corte inferior y además por no haberse alegado en la demanda en este caso que la demandante en el caso anterior actuara maliciosamente y de mala fe al trabar el embargo.

Las cuestiones legales planteadas por estos señalamientos fueron resueltas por la corte inferior, en el curso de su opinión, en la forma siguiente:

''Los demandados contestaron e interpusieron la excepción previa de falta de causa de acción por aparecer de la demanda que la acción había prescrito de acuerdo con el inciso 2 del artículo 1868 del Código Civil, diciendo que alegándose en la demanda que habiendo

sido el embargo trabado en 11 de septiembre de 1934 y disuelto dos meses más tarde, desde la fecha de la disolución del embargo hasta febrero 3, 1939, que fué presentada la demanda, había transcurrido con exceso el período prescriptivo marcado por el referido inciso 2 del artículo 1868 que dice como sigue:

"'Artículo 1868. Prescriben por el transcurso de un año:.....

"'2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1802 desde que lo supo el agraviado.'

"No es de aplicación este artículo que sólo cubre, como claramente lo indica su texto, obligaciones que nacen de culpa o negligencia (torts) y que dan margen a una acción ex delicto; la acción que se ejercita en el presente caso es ex contractu y se funda en el documento de fianza cuya parte sustancial hemos copiado anteriormente, y no teniendo conocimiento de que para ellas exista un término especial de prescripción rige entonces la segunda parte del artículo 1864 del Código Civil que fija en quince años el término prescriptivo que comenzó a correr en febrero 4 de 1938 fecha en que quedó firme la sentencia declarando sin lugar la demanda en el pleito anterior y hasta febrero 3, 1939, fecha de la presentación de la demanda en la presente acción faltaban todavía muchos años para que por prescripción quedase ella extinguida.

"Alegan los demandados que no son responsables por no haberse alegado ni probado que el embargo fuera practicado maliciosamente y sin causa probable. Esos elementos son únicamente necesarios cuando se ejercita la acción ex delicto de persecución maliciosa o por embargo ilegal, y no cuando la acción que se presenta, como la ahora instituída, es una contractual que surge del documento de fianza otorgado en el caso anterior y que fué la causa de que se decretase el aseguramiento y pudiera la allí demandante embargar los bienes del demandado; por esa razón no tienen aplicación alguna los casos citados por los demandados."

Es cierto que en algunas jurisdicciones americanas esta acción se considera ex contractu, pero desde el año 1908 esta corte en el caso de Lowande v. Otero & Co., et al., 14 D.P.R. 571, resolvió que esta acción aun cuando se basa en la Ley para asegurar la efectividad de sentencias, dicha ley lo que hace es aplicar la doctrina del artículo 1802 del Código Civil.

El tribunal se expresó por medio de su Juez Presidente Sr. Quiñones, en esta forma:

"La Ley de 9 de marzo de 1902 'para asegurar la efectividad de las sentencias,' dice en su sección 4ª. lo siguiente:

" 'Si consta claramente en documento auténtico, que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza. En cualquier otro caso exigirá fianza para decretarlo. La fianza que al efecto se prestare, responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento.'

"Es decir; que por el mero hecho de haberse solicitado y obtenido el aseguramiento, *o sea el embargo cuando éste se hubiera practicado, si a consecuencia de él se causaren daños y perjuicios al demandado, esos daños y perjuicios, serán de la responsabilidad de los fiadores, y por consiguiente, de los deudores principales también, puesto que la responsabilidad de los unos y los otros es mancomunada y solidaria.*

"Aplica la ley en este caso, la doctrina del artículo 1902 del antiguo Código Civil, que ha sido reproducida después por el 1803 del vigente, y según el cual, 'el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a responder del daño causado'; *e indudablemente incurre en culpa, el que para asegurar las resultas de un pleito que sigue contra determinada persona, solicita y obtiene del tribunal el embargo de los bienes de su adversario, que después, o por no haber formulado bien la demanda, o por resultar ésta injustificada o temeraria, tiene que levantarse forzosamente, después de haber causado infinidad de daños y perjuicios en su crédito o en sus intereses al dueño de los bienes embargados.*" (Itálicas nuestras.)

En el caso de. *Busó* v. *Martínez,* 18 D.P.R. 1035, 1037, se distinguieron las acciones *ex delicto* y *ex contractu* en esta forma:

"La diferencia que existe entre las acciones fundadas en contratos y aquellas que surgen de la culpa (*tort*) ha sido bien definida e interpretada. *Un perjuicio (tort) consiste en la violación de un derecho que se concede* o en la omisión de un deber impuesto por la ley. El incumplimiento de un contrato consiste en hacer caso omiso de un derecho que se ha concedido o de una obligación en que se incurre *mediante un convenio celebrado entre las partes.* (38 Cyc., 426, y casos citados en la nota 29.)"

Y, en el más reciente de *Mejías* v. *López,* 51 D.P.R. 21, 26, el Juez Presidente Sr. Del Toro, hablando a nombre de la corte, se expresó sobre la misma materia, así:

"A veces se hace difícil distinguir entre acciones *ex contractu* y acciones *ex delicto,* pero, en líneas generales ha quedado bien establecido que las primeras se basan en el quebrantamiento de un deber que surge de un contrato expreso o implícito y las segundas se fundan en el quebrantamiento de un deber impuesto por la ley que ordinariamente surge a virtud de algún acto negligente o *culpable sin referencia a contrato alguno celebrado entre las partes,* pero que *puede surgir lo mismo independientemente de cualquier contrato* que con ocasión de ciertas relaciones contractuales, como se alega que surgió en el caso concreto que estamos considerando." (Itálicas nuestras.)

En la obra "Restatement of the Law of Torts", adoptada y promulgada por el American Law Institute, volumen III, pág. 443, la sección 674 dice así:

"Uno que inicia o promueve la iniciación de procedimientos civiles contra otro le es responsable por el daño que le cause, si

"(*a*) los procedimientos son iniciados (1) sin causa probable, y (2) principalmente con un propósito ajeno que el de conseguir la adjudicación de la reclamación en que se basan los procedimientos, y

"(*b*) excepto cuando son ex parte, los procedimientos han terminado en favor de la persona en contra de quien se iniciaron."

Entre los comentarios a esta sección está la marcada con la letra "*d*" que dice:

"Un procedimiento civil puede ser auxiliar a otros procedimientos. Así, un embargo puede librarse para asegurar el pago de una sentencia futura. Si el procedimiento principal se inició impropiamente, bajo la regla expuesta en esta sección, *se pueden recobrar los daños causados por el procedimiento auxiliar, como parte de los daños por la improcedente iniciación del procedimiento principal.* Aun cuando el procedimiento principal se iniciara correctamente, el procedimiento auxiliar pudo haberlo sido sin razón. En tal caso... *la persona que lo inició es responsable....* Es más, la prestación de una fianza para librar a la propiedad del embargo, aunque pone término al embargo... no es una terminación a favor de la persona que obtuvo el

embargo. En tal caso si la persona cuya propiedad fué embargada prueba que el mismo fué obtenido injustamente (wrongfully), *puede recobrar por el daño causado por el embargo de su propiedad.''* (Itálicas nuestras.)

La acción, por tanto, es una *ex delicto* y así se resolvió en los recientes casos de *Martí* v. *Hernández,* 57 D.P.R. 819, y *Sosa* v. *Sucn. Morales,* 58 D.P.R. 360 en los que expresamente se dijo que el término prescriptivo era el de un año provisto en el artículo 1868, inciso dos, del Código Civil. La fianza lo que hace es fijar el límite de los daños y perjuicios a recobrar de los fiadores como consecuencia del embargo y la responsabilidad hasta el montante de la fianza es solidaria entre los fiadores y el principal.

La causa de acción sobre daños y perjuicios en este caso se originó independientemente del contrato de fianza. Éste se otorgó precisamente para responder al aquí demandante de los daños y perjuicios que la actuación torticera de la demandada Insular Industrial & Agricultural Exposition Association, Inc., pudiera ocasionarle al embargar sus bienes en la acción anterior y por tanto, la acción surge y es consecuencia de la culpa (*tort*) de dicha demandada y no del contrato de fianza. Tan es así que lo que hacen el principal y los fiadores es comprometerse mancomunada y solidariamente a responder de los daños que puedan causarse y la acción por dichos daños puede dirigirse contra el deudor principal y los fiadores simultáneamente o contra cualquiera de ellos. Véanse los artículos 1097 y 1721 del Código Civil (ed. 1930) y *Muriente* v. *Terrasa, et al.,* 22 D.P.R. 738. Por tanto, la acción en estos casos prescribe, como ya se había resuelto en los casos citados, al año y no a los quince como resolvió la corte inferior.

Veamos si había prescrito la acción en el caso de autos. Habiéndose dictado por esta corte la sentencia en el caso anterior el 4 de febrero de 1938, fué desde dicha fecha que pudo ejercitarse, *Martí* v. *Hernández,* supra. La demanda original en el caso de autos se radicó en la corte

inferior el día 3 de febrero de 1939, o sea un día antes de vencer el año, pues al computarse éste, debe excluirse el primer día e incluirse el último de acuerdo con el artículo 388 del Código Político. *Parés* v. *Echandi*, 55 D.P.R. 163, 166. Sostienen los apelantes, sin embargo, que habiendo sido declarada con lugar una excepción previa de falta de hechos, al radicarse la demanda enmendada el 11 de abril de 1939 ya había vencido el año y la acción estaba prescrita. No tienen razón los apelantes.

La regla general en estos casos está expuesta en 17 R.C.L. 821, en esta forma:

"La regla general es que una enmienda a una demanda que no establece una nueva causa de acción sino meramente amplía y da mayor precisión a las alegaciones en apoyo de la causa originalmente establecida, o expresa nuevos fundamentos o especificaciones afines a tales imputaciones o alegaciones, se retrotrae al comienzo de la acción y puede ser sostenida sin consideración al estatuto de prescripción."

Al mismo efecto véase 37 C. J. 1068, Sección 507 y siguientes. En el caso de *Mohn* v. *Tingley*, 217 P. 733, (191 Cal. 470) se resolvió que:

"Si una demanda original no expone una causa de acción y una nueva o diferente no se levanta por la demanda enmendada, pero se le agregan materias nuevas sólo para completar la causa de acción original, la enmienda, aunque hecha después de expirado el término de prescripción, se retrotrae a la fecha de la radicación de la demanda original."

La demanda enmendada en el caso de autos no estableció una nueva causa de acción sino que amplió las alegaciones hechas en la original. Como se dijo en el caso de *Ft. Wayne Iron & Steel Co.* v. *Parsell*, 94 N. E. 770, 776: "hay una diferencia entre una causa de acción defectuosa y una defectuosa alegación de una causa de acción" y la enmienda de esta última se retrotrae al comienzo de la acción.

■ El otro fundamento de los errores que discutimos, o sea que no se alegó ni probó que el embargo fuera practicado

maliciosamente y sin causa probable, fué bien resuelto por la corte inferior pues ya en el caso de *Martí* v. *Hernández,* supra, se resolvió que la malicia no es un elemento necesario en estas acciones.

■ Por el quinto señalamiento se atribuye error a la corte inferior al apreciar la prueba y condenar a los demandados a pagarle al demandante la suma de $600 por daños y perjuicios, y al imponerles las costas más $100 por concepto de honorarios de abogado.

Alegan los apelantes que como en el pleito anterior la corte declaró sin lugar no sólo la demanda sino también la contrademanda del demandado, por tanto éste no obtuvo sentencia alguna a su favor cubierta por la fianza, y además, que la prueba presentada en este caso se redujo a establecer que el demandado no pudo utilizar los bienes embargados, mientras estuvieron fuera de su dominio, en las fiestas patronales celebradas en San Juan y Vega Baja.

La fianza prestada por los demandados no tenía nada que ver con la contrademanda radicada por el demandado en la acción anterior. Esa fianza fué prestada para responder de los daños y perjuicios causados con motivo del embargo trabado por el demandante en bienes del demandado, aquí demandante.

El hecho de que la fianza expresara que los demandados se comprometían con Cintrón "hasta la suma de $1,200 para responderle....de cualquier adjudicación en sentencia que pueda recaer, en su día, en favor suyo" y que en el pleito anterior no se dictara sentencia afirmativa alguna a favor del aquí demandante, no significa que los demandados no sean responsables bajo la fianza. Ésta, de acuerdo con la sección 4 de la Ley sobre aseguramiento de sentencias, responde de los daños y perjuicios que se causen al demandado con motivo del aseguramiento y en el caso de *Avilés* v. *Hijos de Rafael Toro, etc.,* 27 D.P.R. 671, se resolvió que "tal requisito o condición es parte del contrato de fianza aunque no se incluya expresamente en él, porque habiéndose

amparado en él el demandante para solicitar el asegura-
miento de la sentencia, no solamente se obligó en aquella
parte de la ley que le favorece sino que también le alcanza
la responsabilidad que en su perjuicio establece la misma.''
Y al mismo efecto véase 9 C. J. 34 citado en dicho caso. Los
demandados son responsables de los daños y perjuicios que
con motivo del embargo de sus bienes sufriera el demandante.

En cuanto a la cuantía de los daños, hemos leído las
declaraciones de los testigos del demandante, según aparecen
de la transcripción de evidencia, las que no fueron contra-
dichas por ninguna otra prueba de los demandados, y somos
de opinión que sostienen la conclusión a que llegó la corte
inferior. Esas declaraciones tendían a demostrar que el de-
mandante había sufrido daños y perjuicios durante los cerca
de dos meses que estuvo vigente el embargo ascendentes a
más de $2,000, debido a las ganancias que dejó de obtener
en la explotación de sus máquinas en las fiestas de San
Mateo en Santurce y la Virgen del Rosario en Vega Baja,
suma que la corte inferior consideró exagerada y rebajó a
$600 tomando en consideración la declaración del demandante,
la prueba pericial, las circunstancias concurrentes y especial-
mente lo resuelto en el caso de *Avilés* v. *Hijos de Rafael Toro,*
supra. En dicho caso se ratificó la doctrina expuesta en el
de *Muriente* v. *Terrasa, et al.,* 22 D.P.R. 738, al decirse lo
siguiente:

"Entonces dijimos y hoy repetimos, que el artículo 1073 del
Código Civil prescribe que la indemnización de daños y perjuicios
comprende no sólo el valor de la pérdida que haya sufrido sino
también el de la ganancia que haya dejado de obtener el acreedor.''

No se cometió el error imputado.

Tampoco el séptimo, pues la corte inferior no con-
cedió indemnización alguna por el embargo de los $53.25, ni
el octavo porque el hecho de que el demandante levantara
el embargo en el pleito anterior no le priva del derecho de
reclamar los daños y perjuicios que se le ocasionaron durante
el tiempo en que subsistió el embargo. El noveno señala-

miento queda discutido y resuelto por lo que hemos dicho en relación con el quinto.

No abusó de su discreción la corte sentenciadora al considerar a los demandados temerarios y condenarlos a pagar $100 por concepto de honorarios de abogado.

*Se confirma la sentencia apelada.*

EN MOCIÓN DE RECONSIDERACIÓN

Junio 18, 1941

Los apelantes solicitan la reconsideración de la sentencia dictada el 9 de junio de 1941 por la que confirmamos la de la corte inferior.

Insisten los apelantes en que dicha corte debió declarar con lugar la excepción previa de falta de hechos para constituir una causa de acción interpuesta contra la demanda enmendada y como consecuencia no debió admitir prueba en apoyo de la misma, pues la acción estaba prescrita, y argumentan además que debió alegarse y probarse por el demandante que el embargo fué ilegalmente obtenido y que él nada adeudaba a los demandados.

Es cierto que, a pesar de que los demandados apelantes sólo discutieron en la corte inferior la excepción previa en cuanto por ella sostenían que la acción estaba prescrita, según aparece de la resolución dictada por la corte inferior (pág. 17 T. de A.), en su contestación reprodujeron como defensa especial no sólo la excepción de prescripción sino la de falta de hechos suficientes constitutivos de una causa de acción, pero no aparece que dicha excepción fuera discutida ni resuelta. Sea ello como fuere, somos de opinión de que la demanda en este caso, aun cuando no es un modelo de perfección, contiene hechos suficientes.

Se alegó la acción anterior, el embargo trabado sobre los bienes del aquí demandante, que se le privó de su posesión durante dos meses, que la acción anterior terminó dictándose sentencia, que es firme, en contra del embargante, y se alegan los daños sufridos.

La sentencia en el caso anterior demuestra que el aquí demandante nada adeudaba a la Insular Industrial & Agricultural Exposition Association, Inc., según resolvió esta Corte Suprema al confirmar la sentencia de la corte inferior (52 D.P.R. 631, 641) y, como consecuencia, dicha asociación no tenía derecho a embargar los bienes del demandante. El hecho de que en otras jurisdicciones se exijan determinadas alegaciones en estos casos no implica que estamos obligados a seguirlas. Debemos tratar de obviar los tecnicismos y simplificar las alegaciones en todos los procedimientos y que esa es la tendencia moderna no hay duda alguna.

Aun cuando las autoridades citadas no sostienen, en su totalidad, lo dicho a manera de *dictum* en el caso de *Martí* v. *Hernández*, 57 D.P.R. 819, 823, somos de opinión que debemos ahora ratificarlo formalmente, a saber:

". . . Todo lo que tiene que alegar y probar el demandante en una acción de esa naturaleza es que sus bienes fueron embargados; que la acción que contra él se entabló y en la cual se decretó el embargo terminó por sentencia firme a su favor; y los daños sufridos. . . . "

Alegan además los apelantes en su moción que la sentencia apelada debió revocarse por no estar sostenida por la prueba. No nos convencen los apelantes de que se debió exigir al demandante que probara que había obtenido una concesión en las fiestas de San Mateo en Santurce y Virgen del Rosario, en Vega Baja, para explotar sus artefactos, pues si éstos estaban embargados, sin haber él podido aún prestar fianza para levantar el embargo, no podía exigírsele que probara que había conseguido un sitio donde colocarlos. Ya dijimos en nuestra opinión anterior que los demandados no presentaron prueba alguna para contradecir la del demandante en cuanto a la cuantía de los daños. La corte inferior, esto no obstante, rebajó de $2,000 a $600 la cuantía de los daños tomando en consideración la declaración del demandante, la prueba pericial y las circunstancias concurrentes. Y aplicó la doctrina establecida en los casos de *Avilés* v.

*Hijos de Rafael Toro, etc.,* 27 D.P.R. 671 y *Muriente* v. *Terrasa,* 22 D.P.R. 738, al efecto de que los daños incluyen no sólo el valor de la pérdida que se haya sufrido sino también el de la ganancia que se deje de obtener.

Los demandados pudieron presentar prueba para contradecir la del demandante y al no hacerlo la corte inferior estuvo justificada en su conclusión.

*Se declara sin lugar la moción.*